[Sac. No. 2792. In Bank.—December 20, 1920.]

FRANK FREEMAN, Respondent, v. GLENN COUNTY TELEPHONE COMPANY (a Corporation), et al., Appellants.

[1] CORPORATIONS — DISTRIBUTION OF CAPITAL STOCK — LIABILITY OF DIRECTORS — EFFECT OF CODE AMENDMENT.—The amendment to section 309 of the Civil Code which took effect on July 27, 1917 (Stats. 1917, p. 657), providing that the liability of a director of a corporation heretofore incurred shall not exist in any case where, all of the debts and liabilities of the corporation to creditors having been paid, the capital stock divided, withdrawn, or paid out constituted all of the capital stock of the corporation and the same was paid out, withdrawn, or divided with the consent of all of the stockholders to or among themselves, operated as a repeal of the statutory liability formerly existing, in all cases where the distribution of capital stock was made under the conditions stated in such amendment.

[2] ID.—DESTRUCTION OF PENDING ACTION.—The effect of the repeal of the statutory liability of directors of a corporation in cases where there had been a distribution of capital stock with the consent of stockholders was to destroy the right of a stockholder to further prosecute a pending action to enforce the liability of the directors.

[3] ID.—JUDGMENT AGAINST DIRECTORS — APPEAL — SUFFICIENCY OF ANSWER—CONSIDERATION OF CODE AMENDMENT.—On an appeal from a judgment against the directors of a corporation for distribution of capital stock in violation of section 309 of the Civil Code, the court has the power in reviewing the ruling sustaining the demurrer to the answer, which ruling was made prior to the going into effect of the amendment of July 27, 1917, to such section, to consider the allegations of the answer in the same light as if the order had been made after the amendment had become effective.

[4] ID.—SUFFICIENCY OF AMENDED ANSWER—REVERSAL OF JUDGMENT. A judgment against the directors of a corporation for distribution

of capital stock cannot be allowed to stand where it appears from the amended answer that the stock remaining after the payment of debts was divided and distributed to the stockholders with the knowledge and consent of the plaintiff stockholder.

APPEAL from a judgment of the Superior Court of Glenn County. Wm. M. Finch, Judge. Reversed.

The facts are stated in the opinion of the court.

W. T. Belieu and C. L. Donohoe for Appellants.

George R. Freeman for Respondent.

THE COURT.—This is an appeal by the defendants from a judgment against the individual defendants in favor of the Glenn County Telephone Company in an action begun by the plaintiff as a stockholder of said corporation, to recover of the individual defendants as directors thereof, for the benefit of the corporation, a certain sum of money alleged to have been distributed to the stockholders by the said directors, constituting the entire capital stock of said corporation, contrary to the provisions of section 309 of the Civil Code. On May 21, 1917, the court below sustained a demurrer to the amended answer of the defendants and, the said defendants failing to amend, their default was duly entered by the clerk. Thereafter, on August 13, 1917, the cause came on for disposition by the court and, notwithstanding the default, the defendants appeared by their attorneys. No additional pleadings were filed, however, and the court proceeded to make findings upon the facts stated in the complaint. It appeared from certain exhibits filed with the said answer, constituting transcripts of the records of the defendant corporation, that the sums given in the complaint were inaccurate in small amounts. The findings constituted a mere reaffirmation of the allegations of the complaint giving the corrected figures instead of those stated in the complaint. The findings were not filed until October 19, 1917. In pursuance thereof, on October 19, 1917, judgment was entered, directing the said individual defendants to pay into the treasury of the said defendant corporation the sum of $40,833.60 in money, and certain bonds for ten thousand dollars, or, in case the bonds could not be returned, to pay into the treasury

the said sum of ten thousand dollars, and that the plaintiff recover from the individual defendants his costs.

The legislature of 1917 enacted an amendment to section 309, which took effect on July 27, 1917. This was during the time the court below had the matter under advisement. By this amendment it was provided that ''the liability of a director of a corporation heretofore incurred shall not exist in any case where, all of the debts and liabilities of the corporation to creditors having been paid, the capital stock divided, withdrawn, or paid out constituted all of the capital stock of the corporation and the same was paid out, withdrawn, or divided with the consent of all of the stockholders to or among themselves.'' (Stats. 1917, p. 657.)

In *Moss* v. *Smith*, 171 Cal. 777, [155 Pac. 90], the effect of a partial repeal of this statutory liability was under consideration. It was there decided that the liability of directors under this section was purely statutory, and that ''where a right is created solely by a statute, and is dependent upon the statute alone, and such right is still inchoate, and not reduced to possession, or perfected by final judgment, the repeal of the statute destroys the remedy, unless the repealing statute contains a saving clause.'' (171 Cal. 788, [155 Pac. 94].) There was no saving clause. [1] The result is that this amendment operated as a repeal of the statutory liability formerly existing, in all cases where the distribution of capital stock was made under the conditions stated in the above-quoted part of the amended section, and under the decision in that case the further result is that the repeal operates to destroy the right of action if it occurred at any time prior to final judgment. [2] The act took effect prior to the judgment in this case and it operated as a complete destruction of the plaintiff's case if it comes within the conditions stated.

[3] Upon an appeal by the defendants from a judgment they have the right to review the entire record, including rulings on demurrers against them. They have a right, therefore, to review the order of the court sustaining the demurrer to the answer in the present case. Although the repeal took place after the order sustaining the demurrer was made, this court on appeal has power to consider the allegations of the answer in the same light as if the order sustaining the demurrer had been made after the repeal, and we may, there-

fore, consider whether or not the answer set up a defense, when measured by the conditions stated in the amendment to section 309. With respect to this court the order sustaining the demurrer cannot be deemed final. The court below had the matter under consideration when the statute took effect, and it also should have taken cognizance of the amendment and reviewed its ruling upon the demurrer.

[4] The amended answer avers that all the remaining stock of the corporation, after the payment of its debts, was divided and distributed to the stockholders thereof, in certain definite proportions as there stated, that the plaintiff's portion thereof was paid over to and is now held by the defendant Barceloux as agent for him under a power of attorney executed by Freeman to Barceloux to act for him in relation to said stock, and that all this was done with the knowledge and consent of the plaintiff. It therefore shows that the distribution was made under the conditions stated in the amendment to the section, and that the plaintiff consented to the manner of distribution. This constituted a good defense to the action. Under these circumstances the judgment cannot be allowed to stand. There should be a determination in the court below of the facts set forth in the answer, to ascertain their truth, and if they are true, as alleged, the judgment should be that the plaintiff take nothing and that the action be dismissed.

The judgment is reversed and the cause remanded, with directions to the court below to overrule the demurrer to the answer and proceed in accordance with this opinion.