[L. A. No. 26555. In Bank. Apr. 4, 1962.]

HOWARD C. LATTIN et al., Plaintiffs and Appellants, v. COACHELLA VALLEY COUNTY WATER DISTRICT, Defendant and Respondent.

---

*Assigned by Chairman of Judicial Council.

Julius S. Austero for Plaintiffs and Appellants.

Thompson & Colegate, Robert D. Allen, Earl Redwine and Don C. Brown for Defendant and Respondent.

Harold W. Kennedy, County Counsel (Los Angeles), Lloyd S. Davis, Deputy County Counsel, Roger Arnebergh, City Attorney (Los Angeles), and Bourke Jones, Assistant City Attorney, as Amici Curiae on behalf of Defendant and Respondent.

GIBSON, C. J.—Plaintiffs brought this action to recover for the wrongful death of their son. Defendant moved for judgment on the pleadings; the motion was granted, and plaintiffs have appealed from the ensuing judgment, which was entered on May 10, 1960.[1]

The allegations of the complaint may be summarized as follows: Defendant, a county water district, supervised and controlled the Coachella Branch of the All-American Canal together with certain syphons which were a part of the canal. Plaintiffs' son slipped on the embankment of the canal and was sucked into a syphon where he was trapped and drowned. The canal and its syphons constituted a dangerous and defective condition of which defendant was aware. It knew that the premises were used by the public for campsites and picnics, but it failed to take steps to remedy the dangerous condition or adequately safeguard the public from it. A claim duly filed with the district was rejected.

Plaintiffs contend that the immunity of a county water district for damages for injuries caused by the dangerous and defective condition of property under its control was abrogated by the enactment in 1945 of statutes later codified as sections 31083-31090 of the Water Code. We do not agree. The sections relied on relate principally to the filing of

[1]The wrongful death statute may be applied to the state and its political subdivisions where the action is not barred by the doctrine of governmental immunity. (*Flournoy* v. *State of California, ante,* p. 497 [20 Cal.Rptr. 627, 370 P.2d 331].)

claims.[2] Section 31089 of the Water Code provides that nothing in sections 31083-31088, inclusive, shall be construed as creating any liability. Section 31090, the only other section relied on, provides that the district shall pay certain judgments rendered against its officers, agents, and employees, but the action before us is not brought against any such person. The sections of the Water Code relied on are in all material respects similar to sections 22725-22732 of that code which relate to irrigation districts, and in *Vater* v. *County of Glenn,* 49 Cal.2d 815, 818 et seq. [323 P.2d 85], we held that the provisions applicable to irrigation districts, with the exception of the one relating to judgments against officers, agents, and employees, did not abrogate the rule of governmental immunity.[3]

The judgment must be reversed, however, on another ground. While plaintiffs' appeal was pending, *Muskopf* v. *Corning Hospital Dist.,* 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], was decided. It held that the doctrine of governmental immunity could no longer be used to shield an entity of government from liability for torts for which its agents were liable. In *Corning Hospital Dist.* v. *Superior Court, ante,* p. 488 [20 Cal.Rptr. 621, 390 P.2d 325], decided this day, we hold that the 1961 legislation (Stats. 1961, ch. 1404) relating to the subject of our decision in *Muskopf* v. *Corning Hospital Dist.* [55 Cal.2d 211 (11 Cal.Rptr. 89, 359 P.2d 457)] merely suspended for a limited time and did not destroy causes of action arising prior to February 27, 1961, the date our decision in *Muskopf* v. *Corning Hospital Dist.* became final.

The judgment is reversed.

Schauer, J., McComb, J., Peters, J., White, J., Dooling, J., and Draper, J. pro tem.,* concurred.

---

[2] In 1959 the provisions of sections 31085-31087 of the Water Code were repealed, and section 31084 was amended to make the general provisions of the Government Code relating to the filing of claims applicable to claims against the district. (Stats. 1959, ch. 1727.)

[3] In 1959 sections 22728 and 22729 of the Water Code were also repealed, and section 22727 was amended to make the general provisions of the Government Code relating to the filing of claims applicable to claims against irrigation districts. (Stats. 1959, ch. 1727.)

*Assigned by Chairman of Judicial Council.