[Sac. No. 7420. In Bank. Dec. 4, 1962.]

RALPH THELANDER et al., Petitioners, v. THE SUPERIOR COURT OF PLACER COUNTY, Respondent; THE STATE OF CALIFORNIA, Real Party in Interest.

---

*Assigned by Chairman of Judicial Council.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein and Reginald M. Watt for Petitioners.

No appearance for Respondent.

Robert E. Reed, Robert F. Carlson and Kenneth G. Nellis for Real Party in Interest.

GIBSON, C. J.—Petitioners filed a negligence action in the Superior Court of Placer County against the State of California.[1] Over objection by petitioners the state's time to plead to the complaint was extended until 30 days after the 91st day after the final adjournment of the 1963 Regular Session of the Legislature.[2] Petitioners then brought this proceeding, asking that a writ of certiorari issue and that the order extending time to plead be annulled.

The principal question is whether the order was contrary to section 1054 of the Code of Civil Procedure, which states in part: "When an act to be done, as provided in this code, relates to the pleadings in the action, . . . the time allowed therefor, unless otherwise expressly provided, may be

---

[1] The complaint alleges that petitioners were injured in an automobile accident which was caused by the negligence of the state in the creation and maintenance of a highway intersection in a dangerous condition.

[2] The 91st day after final adjournment of the 1963 Regular Session is the first day on which actions may be maintained on causes of action against governmental bodies embraced by our decision in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], after the suspension of such causes of action by chapter 1404 of the 1961 statutes. (See *Corning Hospital Dist.* v. *Superior Court*, 57 Cal.2d 488, 492 et seq. [20 Cal.Rptr. 621, 370 P.2d 325].)

extended, upon good cause shown, by the judge of the court in which the action is pending, . . . *but such extension so allowed shall not exceed thirty (30) days, without the consent of the adverse party.*'' (Italics added.)[3]

The order was directly contrary to the language of section 1054, inasmuch as it extended the time for a period of more than 30 days without the consent of the adverse parties.

The state asserts, however, that the order was sought pursuant to the 1961 legislation relating to governmental immunity (Stats. 1961, ch. 1404, p. 3209) as interpreted in *Corning Hospital Dist.* v. *Superior Court,* 57 Cal.2d 488 [20 Cal.Rptr. 621, 370 P.2d 325]. We there held that the legislation suspended the right to maintain certain actions against governmental bodies (57 Cal.2d at pp. 492-495), and under this legislation petitioners' action cannot be *brought to trial* prior to the specified date in 1963. The state does not refer to any particular provisions of the 1961 statute but relies on language in *Corning* at pages 496-497 of 57 Cal.2d, which reads: ''The procedure by which the temporary suspension of causes of action is to be accomplished must, of course, give full effect to the legislative intent without impairing the orderly administration of justice. Absent further legislation, cases coming within the statute should be continued and not brought to trial until after the specified date in 1963. *In the interim the parties may file pleadings if they so desire* and may resort to proceedings for the discovery and perpetuation of evidence in accordance with the sections of the Code of Civil Procedure (§ 2016 et seq.) relating to that subject.'' (Italics added.)

The language in *Corning* cannot properly be interpreted to change the ordinary rules of procedure governing the filing of responsive pleadings. We were there concerned primarily as to whether plaintiffs could file their complaints immediately or must wait until expiration of the suspension period in 1963, and we determined that they could have a choice. We did not declare that when a complaint is filed the adverse party may delay filing a responsive pleading beyond the time permitted by statute. Section 1054 of the Code of Civil Procedure is therefore controlling in the present case.

---

[3]Certiorari is an appropriate remedy to test the power of the court to make such an order because, if the order was contrary to the statute, the court acted beyond its ''jurisdiction'' as that term is used in writ cases. (See *Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287 et seq. [109 P.2d 942, 132 A.L.R. 715].)

This conclusion will facilitate discovery proceedings. The failure to file a responsive pleading, of course, will not completely prevent a plaintiff from resorting to such proceedings. For example, depositions may be taken (Code Civ. Proc., § 2016) and interrogatories may be served upon an adverse party (Code Civ. Proc., § 2030). However, until a responsive pleading is filed, the issues to be litigated obviously cannot be ascertained.

Until such time as the Legislature acts to change the substantive law relating to governmental immunity, the decision of this court in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], is the law; its effect was merely suspended by the 1961 legislation (*Corning Hospital Dist.* v. *Superior Court, supra*, 57 Cal.2d at pp. 493-495.) The state, therefore, may properly plead upon the basis of the existing substantive law, and it follows that a demurrer on the ground of governmental immunity should be overruled in any case coming within the *Muskopf* rule and that governmental bodies should be required to answer. If additional legislation is enacted during the moratorium period making governmental immunity applicable in such cases, a judgment on the pleadings would be proper.

Since the language in *Corning* may have misled the state to believe that the filing of a responsive pleading was optional during the moratorium period, our ruling should be prospective, and the state should be given a reasonable time to plead after our decision. (Cf. *Phelan* v. *Superior Court*, 35 Cal.2d 363, 371-372 [217 P.2d 951]; *Aced* v. *Hobbs-Sesack Plumbing Co.*, 55 Cal.2d 573, 579-580 [12 Cal.Rptr. 257, 360 P.2d 897].)

The order is annulled, with directions that the state be given 30 days after this decision becomes final in which to file a responsive pleading.

Traynor, J., Schauer, J., McComb, J., Peters, J., and Tobriner, J., concurred.