[Civ. No. 20640. First Dist., Div. Two. June 13, 1963.]

PAUL ANDREW DONNACHIE, a Minor, etc., et al., Plaintiffs and Appellants, v. EAST BAY REGIONAL PARK DISTRICT et al., Defendants and Respondents.

[Civ. No. 20671. First Dist., Div Two. June 13, 1963.]

PAUL ANDREW DONNACHIE, a Minor, etc., et al., Plaintiffs and Appellants, v. CITY OF PIEDMONT, Defendant and Respondent.

(Consolidated Cases.)

Thompson, Sherbourne & Oppen, Belli, Ashe & Gerry and James Oppen for Plaintiffs and Appellants.

Berry, Davis, Channell & McNamara, Hilton J. Melby, City Attorney (Oakland), Edward A. Goggin, Assistant City Attorney, Carroll, Davis, Burdick & McDonough, Worthington, Fields & Worthington, Gilbert Eisenberg, R. W. Fields and Richard G. Logan for Defendants and Respondents.

SHOEMAKER, J.—Plaintiffs Paul Andrew Donnachie, Joan M. Donnachie and Robert P. Donnachie, appeal from separate judgments entered in favor of defendants East Bay Regional Park District, City of Oakland, City of Berkeley, and City of Piedmont.

Plaintiff Paul Donnachie, a minor, brought this action through his guardian *ad litem*, Joan Donnachie, to recover damages for personal injuries sustained when he was kicked by a horse. The accident occurred on May 7, 1960, in Redwood Regional Park, where the plaintiff, then 4 years old, was hiking with others, supervised by Gerald and Marian Springman. Walking along a hiking trail, they met a horseback rider using the same trail, and plaintiff was kicked in the head and body by the horse. The complaint alleged that at the time of the accident, defendants City of Oakland, City of Berkeley, and City of Piedmont, managed, controlled, maintained, directed and operated defendant East Bay Regional Park District and the Redwood Regional Park; that defendants had negligently failed to provide adequate signs showing that the hiking trail was also used as a bridle trail; that each of the defendants knew or ought to have known of the danger to hikers inherent in the presence of horseback riders upon the same trail; that plaintiff's injuries were a direct and proximate result of defendants' negligence.

Defendant East Bay Regional Park District moved for summary judgment or judgment on the pleadings upon the ground that the enactment of Civil Code, section 22.3, had rendered it immune from tort liability.

Defendants City of Oakland and City of Berkeley moved for summary judgment upon the ground that no triable issue

of fact existed since neither defendant had any authority, control, or responsibility for the Redwood Regional Park, which was owned and controlled solely by defendant East Bay Regional Park District.

Defendant City of Piedmont also moved for summary judgment, relying upon both of the grounds raised by the other defendants.

The trial court granted the motion of defendant East Bay Regional Park District for judgment on the pleadings and for summary judgment. Summary judgments were also granted in favor of defendants City of Oakland, City of Berkeley, and City of Piedmont.

■ Turning first to the judgment in favor of respondent East Bay Regional Park District, based solely on the ground that newly enacted section 22.3 of the Civil Code had rendered it immune from tort liability (said section being section 1 of chapter 1404, Statutes 1961), this contention was rejected in the recent case of *Corning Hospital Dist.* v. *Superior Court* (1962) 57 Cal.2d 488 [20 Cal.Rptr. 621, 370 P.2d 325], wherein the Supreme Court held that the effect of the statute was merely to suspend the effect of *Muskopf* v. *Corning Hospital Dist.* (1961) 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], until the end of the period referred to in section 4 of chapter 1404.

In the light of this decision, the trial court erred in granting respondent district's motions for summary judgment and judgment on the pleadings. Under the rule of the *Corning Hospital* case, the court was empowered to do no more than to continue the actual trial of the cause until the 1963 date specified in section 4, chapter 1404.

■ Turning next to the judgments in favor of respondents City of Oakland, City of Berkeley, and City of Piedmont, based on the common ground that no triable issue of fact existed for the reason that none of these respondents had any authority or control over the Redwood Regional Park, in support of their respective motions each respondent filed a declaration under penalty of perjury by its city manager or administrator, averring that the city did not at the time of the accident or thereafter, own, manage, control, maintain, direct, or operate the East Bay Regional Park District or the Redwood Regional Park, but that on the contrary, the ownership and control over the Redwood Regional Park was vested solely in the East Bay Regional Park District, a separate public

entity which had been formed in 1934 pursuant to the Public Resources Code.

In opposition to each of these motions for summary judgment, appellants filed a substantially identical declaration averring that appellants had evidence of respondents' ownership and control over the Redwood Regional Park in the form of a pamphlet distributed by the East Bay Regional Park District and the City of Oakland. This pamphlet, which was appended to appellants' declaration, bore the heading ''East Bay Regional Park District.'' Under the subheading ''History,'' the pamphlet stated that the Redwood Regional Park had been purchased by the Regional Park District in 1951, and that the district directors had planned the park as a place where large groups of people might enjoy the highest type of recreation. The remainder of the pamphlet contained a map of the area and information concerning the park facilities, and the manner in which picnic tables might be reserved. On the last page of the pamphlet, the following statement appeared: ''The East Bay Park District is owned and operated by seven cities of the East Bay: Oakland, Berkeley, Alameda, Albany, San Leandro, Emeryville, and Piedmont.'' Appellants' opposition to the motions for summary judgment was based solely upon this pamphlet.

The question squarely presented is whether the statements contained in the pamphlet were sufficient to overcome respondents' declarations that they did not own, maintain, or otherwise exercise any control over the Redwood Regional Park. ▇ In resolving this question, the rule is that an affidavit or declaration which is based upon hearsay or conclusions and which contains no competent averments made by one having personal knowledge of the facts is of no value in determining whether there is a triable issue of fact. (*Bennett* v. *Hibernia Bank* (1960) 186 Cal.App.2d 748, 753-754 [9 Cal. Rptr. 896]; *Whaley* v. *Fowler* (1957) 152 Cal.App.2d 379, 382-383 [313 P.2d 97]; *Maltby* v. *Shook* (1955) 131 Cal.App. 2d 349, 354 [280 P.2d 541].) ▇ In the present case, appellants' declarations are devoid of any direct averment that respondents did in fact own or otherwise exercise control over the Redwood Regional Park or the East Bay Regional Park District. Appellants merely direct the court's attention to a pamphlet which contains the statement that respondents did own the East Bay Regional Park District. Appellants' declarations contain no clue as to the author of the pamphlet.

It is apparent that this attempt to avoid competent averments of fact and to rely solely upon an anonymous pamphlet, which is the grossest form of hearsay evidence, cannot be deemed sufficient to overcome respondents' direct averments that they did not own, maintain or control the Redwood Regional Park or the East Bay Regional Park District. Since appellants did not allege any cause of action other than negligent maintenance of the park facilities against respondents City of Oakland, City of Berkeley, and City of Piedmont, the trial court properly granted summary judgments in their favor.

For the reasons above stated, the judgment in favor of the East Bay Regional Park District is reversed with directions to the trial court to continue the trial of that action until the expiration of the period specified in section 4 of chapter 1404, 1961 Statutes. The judgments in favor of the City of Oakland, the City of Berkeley, and the City of Piedmont, are affirmed.

Kaufman, P. J., and Agee, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 7, 1963.