[Civ. No. 26531.   Second Dist., Div. Two.   Jan. 22, 1964.]

FRED W. BELL, Plaintiff and Appellant, v. CITY OF PALOS VERDES ESTATES, Defendant and Respondent.

258

Real & Real and M. L. Real for Plaintiff and Appellant.

Betts & Loomis and Albert H. Ebright for Defendant and Respondent.

ROTH, J.—On December 12, 1960, appellant's motor vehicle operated within the city limits of respondent city (respondent) was halted by a police car operated by two officers, Freil and Tingey, both of whom, together with the chief of police of respondent, are joined as defendants in this action.

On March 9, 1961 appellant filed a timely written verified claim, based on facts hereinafter made clear, with respondent for damages. The claim was denied. This action was filed on October 24, 1961.

A second amended complaint alleging three causes of action was filed on January 4, 1962. All causes of action appear to be directed against Freil, Tingey, respondent and the chief of police of respondent city as defendants. On January 15, 1962 the respondent, together with defendant Tingey, filed a joint demurrer to said second amended complaint. Respondent's demurrer was based on the ground that the complaint did not set forth facts sufficient to constitute a cause of action against respondent. Plaintiff did not amend. On March 14, 1962 the court, pursuant to motion of respondent filed under section 581, subdivision 3, of the Code of Civil Procedure, dismissed said action as to respondent.

The first cause of action alleges that Tingey " ...carelessly, negligently and unlawfully discharged a tear gas gun in plaintiff's face, causing a tear gas projectile to strike plaintiff's face and eyes...." The allegation immediately following states that defendant Freil negligently, carelessly and unlawfully aided, assisted and personally cooperated with Tingey in said acts. The second is predicated upon an unlawful and violent assault and incorporates the allegations of the

first. The third is predicated upon the theory that respondent and the chief of police "... negligently, carelessly and unlawfully trained, instructed, advised and equipped" defendant Tingey.

The appeal is from the judgment of dismissal and the order sustaining demurrer.

The facts as pleaded must be accepted as true. It appears from the facts alleged that as appellant emerged from his vehicle, he was negligently, carelessly and unlawfully struck in the face by a projectile discharged from a tear gas gun carried by defendant Tingey and that defendant Freil cooperated with and assisted Tingey. On these facts Tingey and Freil would be personally liable. Nothing appears to indicate that the discharge of the tear gas gun was anything other than a negligent and careless act. Since Tingey and Freil would be personally responsible, respondent is clearly liable under the rule stated in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457].

*Muskopf* rejects the doctrine of governmental immunity for torts for which its agents are liable. It holds that, irrespective of what the common law was in England and irrespective of what the rule of law may have been in this state prior to that decision, if a governmental employee has negligently performed his ministerial duty, then not only is he personally liable for the tort, but the governmental entity by which he is employed also is liable therefor.

*Muskopf* became final on February 27, 1961. The importance and impact of this decision was such that the state Legislature, at its session in 1961, enacted chapter 1404 of the 1961 Statutes, which became effective on September 15, 1961. Sections 3 and 4 of said statute were a moratorium on causes of action which might seek to invoke the principle of *Muskopf*. Section 4 specifically authorized proceeding "... on any cause of action which arose on or after February 27, 1961 and before the 91st day after the final adjournment of the 1963 Regular Session...."

Section 1 of chapter 1404 became section 22.3 of the Civil Code and provides "The doctrine of governmental immunity from tort liability is hereby re-enacted as a rule of decision in the courts of this State, and shall be applicable to all matters and all governmental entities in the same manner and to the same extent that it was applied in this State on January 1, 1961. This section shall apply to matters arising

prior to its effective date as well as to those arising on and after such date.

"As used in this section, the doctrine of 'governmental immunity from tort liability' means that form of the doctrine which was adopted by statute in this State in 1850 as part of the common law of England, subject to any modifications made by laws heretofore or hereafter enacted and including the interpretations of that doctrine by the appellate courts of this State in decisions rendered on or before January 1, 1961.''

Section 3 of chapter 1404 of the 1961 statutes provides:

"Section 1 of this act shall remain in effect until the 91st day after the final adjournment of the 1963 Regular Session of the Legislature, and shall have no force or effect on and after that date.''

It seems clear from a mere reading of chapter 1404 of the 1961 Statutes that the 1961 Legislature intended to reenact the doctrine of governmental immunity, to repromulgate the rule as it existed prior to *Muskopf*, and to suspend the rule of *Muskopf*, only from the date of the enactment of the 1961 legislation until the 91st day after the final adjournment of the regular session of the 1963 Legislature. The Legislature thus gave to itself the opportunity to study *Muskopf* and decide whether it would accept it, or adopt some rule providing for immunity, or limited or conditional immunity, in actions against governmental agencies.

In 1963 the Legislature did enact laws upon the subject of employee and governmental immunity and liability. Said laws have become sections 815, 815.2, 820, 820.2 and 820.4 of the Government Code. The rule of *Muskopf* is substantially reaffirmed by section 815.2.

Respondent contends that section 22.3 of the Civil Code did away with the *Muskopf* rule and that it was the intention of the Legislature by its 1961 legislation to render the *Muskopf* rule completely inoperative. In support of this contention we are cited to *Corning Hospital Dist.* v. *Superior Court*, 57 Cal.2d 488 [20 Cal.Rptr. 621, 370 P.2d 325] (April 4, 1962) and *Thelander* v. *Superior Court*, 58 Cal.2d 811 [26 Cal.Rptr. 643, 376 P.2d 571] (December 4, 1962).

The position of respondent however is refuted by the very cases so cited.

After quoting section 3 of chapter 1404 of the 1961 Statutes, the court, in *Corning*, said at page 492: "It follows that the rule in *Muskopf* v. *Corning Hospital Dist.* is not ren-

dered permanently inoperative but will be automatically reinstated on a specified date in 1963 in the absence of further legislation on the subject. ... Section 3 makes no distinction in this respect between causes of action accruing before and after the 1963 date." After quoting section 4 of that chapter, that court went on to say: "February 27, 1961, referred to in section 4, is the date on which *Muskopf* v. *Corning Hospital Dist.* became final, and it is provided in section 4 that suits on causes of action accruing on or after that date may be brought and maintained on or after the specified date in 1963 'in the manner prescribed by law.' "

In *Thelander* the court specifically says at page 814: "Until such time as the Legislature acts to change the substantive law relating to governmental immunity, the decision of this court in *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rep. 89, 359 P.2d 457] is the law; its effect was merely suspended by the 1961 legislation (*Corning Hospital Dist.* v. *Superior Court, supra,* 57 Cal.2d at pp. 493-495). The state, therefore, may properly plead upon the basis of the existing substantive law, and it follows that a demurrer on the ground of governmental immunity should be overruled in any case coming within the *Muskopf* rule and that governmental bodies should be required to answer. If additional legislation is enacted during the moratorium period *making governmental immunity applicable in such cases,* a judgment on the pleadings would be proper." (Italics added.)

It is clear from the above that the 1961 moratorium legislation, except by way of suspension, never affected the decision in the *Muskopf* case nor did it affect any causes of action which arose prior to the 1961 legislation predicated upon facts which occurred prior to the 1961 legislation. In *Muskopf* plaintiff's cause of action arose in May of 1958. In the case at bar the injuries were sustained, as already stated, on December 12, 1960.

The court said in *Corning* on page 491: "We reversed the judgment for defendant [in *Muskopf*] and, in denying a petition for rehearing, rejected a suggestion that the decision be made to apply only prospectively."

Respondent argues further that it is not liable for the discretionary acts of its employees. There is nothing before this court to indicate that any of the wrongs complained of by plaintiff in this case are predicated upon discretionary acts of the police officers who are made defendants in this action. The conduct here complained of has already been detailed by

reference to the allegations of ultimate fact set out in the complaint. Accepting the ultimate facts as we must, discretion is not involved.

The judgment is reversed and the case is remanded with directions to overrule the demurrer.

Since no appeal lies from an order sustaining a demurrer, the appeal from that order is dismissed.

Fox, P. J., and Herndon, J., concurred.