[Civ. No. 8046. Fourth Dist., Div. One. Dec. 20, 1966.]

MARCELLA M. FROST et al., Plaintiffs and Appellants, v. STATE OF CALIFORNIA, Defendant and Respondent.

380

Booth, Mitchel, Strange & William and Donald W. Rees for Plaintiff and Appellant.

Harry S. Fenton, R. B. Pegram, Richard L. Franck and T. Keith Pocock for Defendant and Respondent.

WHELAN, J.—Plaintiff Marcella M. Frost is the widow and plaintiffs Linda Frost and Diana Frost are the minor children of Albert T. Frost who died on November 6, 1960, as the result of an accident that occurred on the same date when he was driving a truck with trailer owned by plaintiff Tidewater Oil Company.

Plaintiffs' claim so far as this appeal is concerned is that the accident and resultant death were directly and proximately caused by a dangerous and defective condition of a state highway negligently caused and permitted by defendant State of California (State).

Plaintiffs, on May 26, 1961, filed a verified claim for damages with the California State Board of Control. That claim was rejected on April 5, 1962.

Before the claim was rejected, plaintiffs commenced action in the superior court against Four Corners Pipe Company and others without naming State as a defendant or alleging any facts to constitute a cause of action against State.

On November 6, 1963, plaintiffs amended their complaint to include State as a defendant.

The form of the amendment was a restatement of the two original causes of action of the two sets of plaintiffs, to which was added a third cause of action on behalf of the Frost family and a fourth cause of action on behalf of Tidewater, in each of which State was mentioned specifically. All the original defendants, whether designated by their true or by fictitious names, were also named as defendants.

In an amended answer filed by State, the affirmative defense of the statute of limitations was raised, based upon former sections 641 and 644 of the Government Code.

Plaintiffs filed a demurrer to the statute of limitations defense, contending that the running of time had been tolled by the moratorium legislation contained in section 4 of the Statutes of 1961, chapter 1404, page 3209.

Plaintiffs' demurrer was overruled. State's motion for summary judgment was granted and a judgment of dismissal with prejudice was entered from which this appeal arises.

### PLAINTIFFS' CONTENTIONS

Plaintiffs claim that a cause of action arose in their favor against State only when their verified claim was rejected by the Board of Control. Since that was after February 27, 1961, plaintiffs assert the statute of limitations did not commence to

run until December 21, 1963, the 91st day after the final adjournment of the 1963 regular session of the Legislature.

The minor plaintiffs contend additionally that if the statute of limitations was not tolled by section 4 of the Statutes of 1961, chapter 1404, page 3209, it would not commence to run as to them respectively until they had reached the age of majority.

A final contention is that if section 4 of the Statutes of 1961, chapter 1404, required plaintiffs to file their actions at any time prior to the 91st day after the final adjournment of the 1963 regular session of the Legislature, the statute is vague and uncertain and therefore void for the reason that it is repugnant to the due process clause of the Constitution.

### WHEN DID THE CAUSE OF ACTION ARISE?

█ Plaintiff Tidewater's cause of action for property damage arose when the accident occurred. The other plaintiffs' cause of action for wrongful death arose on the date of death. (Code Civ. Proc., § 377; *Davis* v. *Robinson,* 50 Cal.App.2d 700, 702 [123 P.2d 894]; *Marks* v. *Reissinger,* 35 Cal.App. 44, 54 [169 P. 243].)

█ Prior to the decision in *Muskopf* v. *Corning Hospital Dist.,* 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], a cause of action could not have been maintained against State for negligently causing or permitting a dangerous condition of a highway. (*Breslin* v. *Fredrickson,* 152 Cal.App.2d 780, 784 [313 P.2d 597].)

A cause of action for wrongful death against State was not created by the decision in *Muskopf,* nor by section 4, subdivision (a) of the Statutes of 1961, chapter 1404, page 3209. Such a cause of action under section 377, Code of Civil Procedure, existed independent of *Muskopf. Muskopf* was an enabling decision and section 4, subdivision (a) of the Statutes of 1961, chapter 1404, page 3209, was an enabling law. The very language of that section makes it clear: ". . . an action may be brought . . . on any cause of action which arose on or after February 27, 1961 . . . if . . . the following conditions are met: (1) a claim based on such cause of action has been filed, . . ."

Similarly, former section 641, Government Code, was an enabling statute which did not pretend to create a cause of action against State; rather it permitted suit upon an existing cause of action.

That a cause of action which might not have been pursued against a public entity prior to *Muskopf* nevertheless existed

prior to that decision and arose at the time of the occurrence of the injuries is recognized in *Jones* v. *City of Los Angeles,* 215 Cal.App.2d 155, 156 [30 Cal.Rptr. 124], and in *Bell* v. *City of Palos Verdes Estates,* 224 Cal.App.2d 257, 261 [36 Cal.Rptr. 424].

The filing and rejection of a claim are merely conditions that have been attached to the right or permission to commence and maintain an action against State.

The distinction between the cause of action and the claim based thereon receives continuing recognition in section 901, Government Code, which is a part of the comprehensive legislative scheme enacted in 1963 to govern the tort liability of public entities.[1]

There is nothing in the cases of *Tietz* v. *Los Angeles Unified Sch. Dist.,* 238 Cal.App.2d 905 [48 Cal.Rptr. 245], or *A. Teichert & Son, Inc.* v. *State of California,* 238 Cal.App.2d 736 [48 Cal.Rptr. 225], that compels a conclusion that plaintiffs' alleged causes of action arose or accrued after February 27, 1961.

*Thelander* v. *Superior Court,* 58 Cal.2d 811 [26 Cal.Rptr. 643, 376 P.2d 571]; *Bell* v. *City of Palos Verdes Estates, supra,* 224 Cal.App.2d 257; and *Donnachie* v. *East Bay Regional Park Dist.,* 217 Cal.App.2d 172 [31 Cal.Rptr. 611], cited by plaintiffs, were all brought on causes of action that arose prior to January 1, 1961. In *Thelander,* the complaint was filed on February 20, 1962; in *Bell,* the complaint was filed on October 24, 1961; in *Donnachie,* the complaint was filed on April 27, 1961. In none of them was the question of limitations an issue, since all actions were filed within the then applicable periods of limitations.

Although the right to maintain them was not authorized prior to the *Muskopf* decision, those causes of action that arose prior thereto of the class first given recognition in *Muskopf* are, nonetheless, to be governed by the then existing claims provisions of the Government Code. (*Dias* v. *Eden Township Hospital Dist.,* 57 Cal.2d 502 [20 Cal.Rptr. 630, 370 P.2d 334].)

---

[1]Section 901, Government Code, provides: "For the purpose of computing the time limits prescribed by Sections 911.2, 911.4 and 912, the date of the accrual of a cause of action to which a claim relates is the date upon which the cause of action would be deemed to have accrued within the meaning of the statute of limitations which would be applicable thereto if there were no requirement that a claim be presented to and be acted upon by the public entity before an action could be commenced thereon."

384

As regards the commencement of action on such claims, *Corning Hospital Dist. v. Superior Court,* 57 Cal.2d 488, 494 [20 Cal.Rptr. 621, 370 P.2d 325], declares: ''There is no similar provision [in § 22.3, Civ. Code] specifically covering causes of action which accrued prior to February 27, 1961 . . . The difference between such an action and one accruing after February 27, 1961, is that as to the latter the statute of limitations will not commence to run, under section 4, subdivision (b), until the 1963 date, whereas all causes of action arising prior to February 27, 1961, are barred unless suit is filed within the ordinary limitation periods provided for tort actions.''

█ It is further to be considered that the provisions of the 1963 legislation made it clear that the bar of limitations remained effective against any cause of action that would have been barred by former section 644, Government Code, in its normal operation. Section 152 of chapter 1715, Statutes of 1963, page 3424, provided: '' (a) This act applies to all causes of action heretofore or hereafter accruing.

'' (b) Nothing in this act revives or reinstates any cause of action that, on the effective date of this act, is barred either by failure to comply with any applicable statute, charter or ordinance requiring the presentation of a claim or by failure to commence an action thereon within the period prescribed by an applicable statute of limitations.''

Section 45 of Statutes of 1963, chapter 1681, page 3288, declared that the act applied retroactively to the extent that it could be constitutionally applied; and that it applied, within those limits, to any cause of action that did not exist prior to the effective date of the act but which was created by the retroactive application of the act.

The retroactive provisions of the act have been held to apply to causes of action that were not maintainable and which arose prior to the *Muskopf* decision; that as to such causes of action there is no constitutional protection against retroactive operation of the 1963 legislation. *(Flournoy v. State of California,* 230 Cal.App.2d 520 [41 Cal.Rptr. 190].)

█ The test for the impermissibility of imposing limitations retroactively is the existence of a constitutionally-protected right. *(Rand v. Bossen,* 27 Cal.2d 61, 65 [162 P.2d 457].)

The action for wrongful death is wholly the creature of the Legislature. In such a cause of action, there is no vested right. *(Krause v. Rarity,* 210 Cal. 644 [293 P. 62, 77 A.L.R. 1327];

*Freeman* v. *Glenn County Telephone Co.*, 184 Cal. 508 [194 P. 705].) The apparent inconsistency between *Wexler* v. *City of Los Angeles*, 110 Cal.App.2d 740 [243 P.2d 868], and the long-standing rule is more apparent than real. The point involved in *Wexler* was whether the mother of a minor child might pursue a recognized existing cause of action as permitted by the law in effect at the date of the death of the child without joinder of the father as a party.

■ We conclude that former section 644, Government Code, barred plaintiffs' causes of action six months after the rejection of their claims.

CAN THE CAUSE OF ACTION OF THE MINOR PLAINTIFFS BE BARRED DURING THEIR MINORITY?

■ It is urged by the minor plaintiffs that even if their cause of action arose prior to February 27, 1961, their nonage protected them from the bar of limitations established by former section 644, Government Code, which established a six-month period for actions against the state that did not arise under the Vehicle Code.[2]

In support of that contention, they cite *Hennessy* v. *County of San Bernardino*, 47 Cal.App.2d 183 [117 P.2d 745], which held that section 352, Code of Civil Procedure, applied to toll the commencement of the period of limitations fixed by then section 342 in an action against a county.

Section 352, Code of Civil Procedure, provides: "If a person entitled to bring an action, mentioned in chapter three of this title, be, at the time the cause of action accrued, either:

"1. Under the age of majority; or,

"2. Insane; or,

"3. Imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term less than for life; or,

---

[2]Section 644, Government Code, provided: "A claim not arising under Section 17000 to 17003, inclusive, of the Vehicle Code shall be presented to the board within two years after the claim first arose or accrued. An action on such a claim shall be brought within six months after the claim is rejected or disallowed in whole or in part."

The denial by the Board of Control starts the six-month period of limitations to run; the filing of a second claim, amended in certain particulars, on the same cause of action within the two-year period for the filing of claims but after the expiration of six months from denial of the original claim does not commence a new six-month period for commencement of action. (*Chas. L. Harney, Inc.* v. *State of California*, 217 Cal.App.2d 77 [31 Cal.Rptr. 524].)

"4. A married woman, and her husband be a necessary party with her in commencing such action;

"the time of such disability is not a part of the time limited for the commencement of the action."

Until 1963, section 342 provided: "Actions on claims against a county, which have been rejected by the board of supervisors, must be commenced within six months after the first rejection thereof by such Board." Section 342 did not, nor did any part of chapter 3 of title 2 of part 2, Code of Civil Procedure, mention an action against the State for negligence.

It is further apparent that section 352, Code of Civil Procedure, was not intended after 1963 to govern actions against any public entity because of the specific saving provisions of section 945.6, Government Code, in favor of persons sentenced to imprisonment in a state prison. In view of the omission of any mention in section 945.6 of minority as a reason for extending the time limited for commencement of an action, a legislative intention not to create such extension may be inferred.

We are not, however, concerned with the meaning and effect of section 945.6 because of our holding that plaintiffs' cause of action, if barred at all, was barred before the 1963 legislation became effective.

■ Section 352, Code of Civil Procedure, did not serve to extend, in favor of minors, the period of limitations prescribed by section 644, Government Code, which was in effect until superseded by the 1963 legislation.

■ In the absence of any specific exemption in favor of minors from the effects of a statute imposing restrictions of time within which a right may be exercised, such restrictions apply to minors and others equally. (*Artukovich* v. *Astendorf*, 21 Cal.2d 329 [131 P.2d 831]; *State Farm etc. Ins. Co.* v. *Superior Court*, 232 Cal.App.2d 808 [43 Cal.Rptr. 209]; *Wall* v. *Sonora Union High School Dist.*, 240 Cal.App.2d 870 [50 Cal.Rptr. 178].)

*Artukovich* and *Wall* had to do with the time within which claims of a minor may be filed against a public entity; *State Farm etc. Ins. Co.* had to do with the time within which arbitration proceedings must be instituted under the uninsured motorist provisions of the Insurance Code. (Ins. Code, § 11580.2, subd. (h).)

Present Government Code sections 911.4, 911.6 and 946.6

govern the conditions for a specific exemption in favor of minors for extending, but only for a maximum period ending a year after the accrual of the cause of action, the time within which a claim may be filed against a public entity. There was a similar but somewhat less liberal provision contained in former section 716, Government Code, which was in effect until September 20, 1963, with regard to claims against public entities other than the state.

From the existence of those ameliorative provisions as to the filing of claims by minors, an insight is gained upon the legislative failure to provide specific exemptions in the matter of commencing actions.

What boots the extension during the entire period of minority of the right to bring an action, the vitality of which has been spent because of failure to file a claim within a year after the cause of action arose?

Complementally, where a claim has been timely filed by a minor, the fact of minority affords no reason useful to the minor or to the public entity involved why action on the claim should not be commenced within the usual period of limitations.

### WAS SECTION 22.3, CIVIL CODE, UNCONSTITUTIONAL?

Plaintiffs' argument that former section 22.3, Civil Code, was unconstitutional is based upon their interpretation that paragraph 1 of section 22.3 nullified and wiped out their cause of action against the state. *Lattin* v. *Coachella Valley County Water Dist.*, 57 Cal.2d 499 [20 Cal.Rptr. 628, 370 P.2d 332], is to the contrary. We have noted, however, that so far as a cause of action for wrongful death is concerned, it is a creature of statute, and that a cause of action finding its only basis in a statute may be wiped out by a statute prior to a final judgment. (*Krause* v. *Rarity, supra,* 210 Cal. 644; *Freeman* v. *Glenn County Telephone Co., supra,* 184 Cal. 508.)

Alternatively, plaintiffs claim that if section 22.3, Civil Code, does not wipe out the cause of action, section 4, subdivision (a) of the Statutes of 1961, chapter 1404, page 3209, makes the whole of the chapter vague, ambiguous and uncertain. Section 4, subdivision (a) deals with causes of action which arose on or after February 27, 1961. We find no lack of clarity in the statute as to what constitutes a cause of action that arose on or after February 27, 1961. That seems to

be the sole question, so far as the meaning of section 4 is concerned, that is relevant to the case at bench.

The judgment is affirmed.

Brown, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied January 6, 1967, and appellants' petition for a hearing by the Supreme Court was denied February 15, 1967. Peters, J., and Mosk, J., were of the opinion that the petition should be granted.