[Civ. No. 11483. Third Dist. Sept. 14, 1967.]

LINDA JEANNE HOM, a Minor, etc., Plaintiff and Appellant, v. CHICO UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

P. M. Barceloux, Burton J. Goldstein, Goldstein, Barceloux & Goldstein, David J. McKeown and Albert E. Levy for Plaintiff and Appellant.

Laughlin, Craig & Christensen and Nels A. Christensen for Defendant and Respondent.

FRIEDMAN, J.—The minor plaintiff filed a damage complaint against the defendant school district alleging personal injuries suffered while she was participating in high school physical education activities. The school district demurred, pointing out that the complaint failed to show compliance with the Government Code provisions requiring timely claim filing as a prerequisite to suits against public agencies. The demurrer was sustained without leave to amend and plaintiff appeals from the ensuing judgment. Plaintiff's simultaneous appeal from the order sustaining the demurrer is dismissed, that order not being appealable.

The accident occurred October 8, 1964. Nearly 15 months later, on December 19, 1965, plaintiff filed with the district an application for leave to present a late claim. The application alleged plaintiff's minority status as the sole ground of relief. On January 7, 1966, the school district denied the claim. On January 19, 1966, through her mother as guardian ad litem, she filed the present personal injury action.

Reversal is sought on the sole contention that the claim filing statutes are unconstitutional as to minors. Plaintiff's brief does not specify what deprivation of a constitutional right she has suffered or what, if any, provision of the federal or state Constitutions the statutes transgress. She does not claim impairment of a vested right by means of a retroactive statute of limitations. Her brief is devoted to the argument that *Muskopf* v. *Corning Hospital Dist.*, 55 Cal.2d 211 [11 Cal.Rptr. 89, 359 P.2d 457], invests her with a right or vested right in her cause of action against the government. Her brief, however, fails to deduce any corollary from this premise. Attempting to infer what plaintiff's brief should have made explicit, we deduce arguments such as this—that the Legislature is to act reasonably in regulating the remedy by which the vested right is to be pursued, that unreasonable regulation violates the due process guarantee, that the courts may substitute their own notions of reasonableness for the Legislature's, that any regulation deemed by the courts to be extremely unreasonable is ipso facto unconstitutional, that

imposition of practically any period of limitations during the injured person's minority is extremely unreasonable and unconstitutional. On the assumption that these are the arguments, plaintiff's counsel has not supplied the court with any authority to support them.

At one point plaintiff's brief states that ''to blanket all infants, regardless of whether they have parents, without regard to the mentality of their parents, certainly does not indicate a fair and reasonable classification by the claim statute.'' This veiled allegation is not connected with the facts of the present case in any way. Plaintiff does have a parent, that is, her mother, who appears as guardian ad litem. The complaint is silent as to any intellectual handicaps which might have occasioned the unfortunate time lapse.

 The *Muskopf* decision established no doctrine depriving the Legislature of procedural control in granting and withholding consent to suit. (*Thelander* v. *Superior Court,* 58 Cal.2d 811, 814 [26 Cal.Rptr. 643, 376 P.2d 571]; *Flournoy* v. *State of California,* 230 Cal.App.2d 520, 525 [41 Cal.Rptr. 190].) The Legislature may constitutionally alter, modify or eliminate common law rules governing public as well as private tort liability, subject only to constitutional restrictions against arbitrary classification. (*Flournoy* v. *State of California, supra,* 230 Cal.App.2d at p. 524.) The procedurally favored position in which claims statutes place public entities is not unconstitutionally discriminatory. (*Dias* v. *Eden Township Hospital Dist.,* 57 Cal.2d 502, 504 [20 Cal. Rptr. 630, 370 P.2d 334].) On the assumption that the disabilities and handicaps which occasionally characterize minors should evoke legislation ameliorating the position of minors, the Legislature has supplied that amelioration.

Minors and adults are equally subject to the 100-day limitation on the presentation of personal injury claims. (Gov. Code, § 911.2.) Presentation and rejection of a claim is a prerequisite to suit, whether by a minor or adult. (§ 945.4.) Both minors and adults may escape the 100-day limitation by applying to the entity for leave to present a late claim, the application to be made within a reasonable time, not to exceed one year after the accrual of the cause of action. (§ 911.4.) From that point onward, the minor receives more favored statutory treatment. An adult who was not physically or mentally incapacitated during the 100-day period, must show that his failure to act within that period was occasioned by mistake, inadvertence, surprise or excusable neglect and that the

public entity was not prejudiced; while the minor need show only that he was a minor during the 100-day claim period. (§ 911.6.) The same distinction in treatment appears in the statute providing for judicial permission for late claim filing. (Present § 946.6; former § 912, repealed in 1965; see *Church v. County of Humboldt,* 248 Cal.App.2d 855, 857 [57 Cal. Rptr. 79].)

[4] In effect, Government Code sections 911.6 and 946.6 grant minors a period of claim filing consisting of 100 days plus a reasonable time, not exceeding one year, for filing an application for relief. If, within the extended period fixed by section 911.4, the minor files an application, relief is mandatory. (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 479-480 [58 Cal.Rptr. 249, 426 P.2d 753].) Thus the Legislature has established a classification supplying more lenient claim filing conditions for minors and compensating for the disadvantages which sometimes — but not always — characterize minority status. (See *Tammen* v. *County of San Diego, supra,* at pp. 479-480; *Frost* v. *State of California,* 247 Cal.App. 2d 378, 387 [55 Cal.Rptr. 652].) For reasons which are not apparent here, the present plaintiff's application for leave to file a late claim was not presented to the school board within the one-year period. In view of the one-year limitation in Government Code section 911.4, the school board was powerless to grant relief and, under Government Code section 946.6. a court would have been equally powerless.

Plaintiff has not shown any invalidity in the governing statutes. Since compliance with these statutes was not shown, the demurrer was properly sustained.

Judgment affirmed.

Pierce, P. J., and Regan, J., concurred.

A petition for a rehearing was denied October 13, 1967.