[Civ. No. 10065. Fourth Dist., Div. Two. Feb. 25, 1971.]

CLARICE BROWN, Plaintiff and Appellant, v.
HUNTINGTON BEACH UNION HIGH SCHOOL DISTRICT et al.,
Defendants and Respondents.

642

## COUNSEL

Adams & Martin, and Edwin P. Martin for Plaintiff and Appellant.

Kinkle, Rodiger, Graf, Dewberry & Spriggs and Robert A. D'Isidoro for Defendants and Respondents.

## OPINION

**GABBERT, Acting P. J.**—This is an appeal from a judgment of dismissal entered after the trial court sustained respondents' demurrer to the complaint without leave to amend. The action sought damages for personal injuries assertedly caused by negligence of two public entities. The issue to be resolved is whether appellant's cause of action is barred by the statute of limitations as set out in Code of Civil Procedure section 340, subdivision 3, or whether her right to pursue her cause of action against the public entities is governed by other statutes and thus not barred.

 On this appeal we hold the trial court improperly dismissed the action. As will be discussed further, Government Code section 946.6, subdivision (f), provides a time period of 30 days within which to file suit after the court makes an order relieving a petitioner (in the position of appellant herein) from the necessity of filing a claim under Government Code section 945.4. The appellant properly filed her complaint within such 30-day period, even though the one-year period of the statute of limitations (Code Civ. Proc., § 340) had expired nine days prior to the filing of the complaint.

According to a statement of facts stipulated to as being correct in the briefs of the parties, the injury of which appellant complains occurred on April 28, 1968. Thereafter appellant negotiated with an insurance adjuster relative to possible settlement of her claim. More than six months after the injury, and about November 4, 1968, the adjuster hand-delivered a letter to appellant indicating that by negotiating with her, no waiver of any legal defense was intended. Shortly thereafter, and for the first time, appellant consulted an attorney as to the meaning of the letter.

An application for leave to present a late claim on appellant's behalf, along with an attached claim, was filed with respondents about December 31, 1968. Respondents denied the application on January 15, 1969. Appellant thereupon filed a petition for an order relieving her from the provisions of section 945.4 of the Government Code in the Orange County

Superior Court. On April 16, 1969, the court granted appellant relief from those requirements.

Pursuant to the authority of Government Code section 946.6, subdivision (f), and the court's order, a complaint was filed on May 7, 1969. The summons and complaint were sent by an attorney service for filing in the superior court. Through inadvertence, the complaint was filed and assigned the case number previously assigned to the petition for relief. The filing of the complaint took place 21 days after the court's order granting relief and nine days after the one-year anniversary date of the plaintiff's injury.

The summons and complaint were served on respondents and a general demurrer was filed by them. The demurrer asserted the complaint ". . . does not state facts sufficient to constitute a cause of action against defendant and that it appears that the cause of action is barred by the statute of limitations." The hearing was set before a judge other than the one who had ruled on the petition for relief. The court sustained the demurrer without leave to amend. Appellant's motion for reconsideration was granted but after further hearing the court reaffirmed its prior order sustaining the demurrer without leave to amend. A judgment of dismissal was then entered.

The appellant contends Code of Civil Procedure section 340, subdivision 3, is not applicable under the particular circumstances of this case in an action against a public entity. She points out that Code of Civil Procedure section 342, by its language, places actions against public entities into a separate category and that such section makes reference to the Government Code for both the procedures and limitation periods to be applied to such actions.

The general one-year limitation for personal injury actions is set out in Code of Civil Procedure section 340, subdivision 3. In the same chapter, section 342 states: "An action against a public entity upon a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of Division 3.6 of Title 1 of the Government Code must be commenced within the time provided in Section 945.6 of the Government Code. [Added Stats. 1963, c.1715, p.3394, § 4.]"

In West's Annotated Codes, following the above section, is an explanatory comment of the California Law Revision Commission, which reads: "This section is placed among the limitation of actions provisions of the Code of Civil Procedure so that the statute of limitations applicable to actions upon claims against public entities may be discovered by looking at either this section or the appropriate section of the Government Code."

Under the provisions of the Government Code, a claim must be filed within 100 days after the cause of action accrues. (Gov. Code, § 911.2.) If no such claim is filed, an application for leave to file such claim may be made within a reasonable time not exceeding one year after accrual of the cause of action. (Gov. Code, § 911.4.) Thereafter, if the application to file a late claim is denied by the public entity the claimant may petition the court for an order relieving the applicant from the provisions of the claim statute. The court shall relieve the petitioner from such provisions if among other requirements, it finds the application was made within a reasonable time not to exceed one year after accrual of the cause of action. (Gov. Code, § 946.6.)

Government Code section 946.6, subdivision (f), reads: "(f) If the court makes an order relieving the petitioner from the provisions of Section 945.4, suit on the cause of action to which the claim relates must be filed in such court *within 30 days thereafter.*" (Added Stats. 1965, ch. 653, p. 2016, § 22.) (Italics added.)

Appellant asserts the Legislature intended to authorize the filing of a late claim under Government Code section 911.4 for a period up to one year after the accrual of the cause of action. To hold otherwise would render the language of the section meaningless.

The respondents counter that more than one year passed between the date of injury and the filing of the complaint, relying upon the provisions of section 340, subdivision 3, of the Code of Civil Procedure. They assert that section 340, subdivision 3, is controlling and that no action may be maintained against a public agency upon a cause of action for which a claim is required to be presented, after the passage of one year from the date of injury. Respondents argue the one-year limitation is inflexible and automatic and cannot be extended. Respondents particularly point out their position, saying: "The special period of limitations indicated in subdivision (f) of § 946.6 limits the time within which an action must be filed to a period not exceeding thirty days after the court order, and does not specifically state that the limiting provision has the effect of actually extending the long ingrained one-year statute of limitations . . . ."

There are no cases that have expressly decided the question whether Government Code section 946.6 operates to modify the provisions of section 340 of the Code of Civil Procedure. Respondents rely largely upon language contained in two cases: *Williams* v. *Los Angeles Metropolitan Transit Authority,* 68 Cal.2d 599 [68 Cal.Rptr. 297, 440 P.2d 497] and *Frost* v. *State of California,* 247 Cal.App.2d 378 [55 Cal.Rptr. 652]. *Williams* considers Government Code section 945.6 and its relation to the right of a minor to bring a personal injury action under the tolling provisions

of Code of Civil Procedure section 352. The Supreme Court there stated: ". . . Code of Civil Procedure section 352 preserves the causes of actions of minors against the running of the statute of limitations, and nothing in Government Code Section 945.6, enacted in 1963 as part of the California Tort Claims Act, abrogates that section or the public policy that underlies it." (P. 601.)

"Defendant's assertion that the California Tort Claims Act be viewed as a complete and separate enactment for limitations of actions against government agencies would make the province of the act a separate and sovereign empire immune from all other provisions of California statute. Yet the act must be subject in this instance to California law; section 352 expressly subjugates it to the general provisions of the exemption for minors; the contrary result would call for the erasure of specific sections of the Code of Civil Procedure." (P. 608.)

We cannot find *Williams* authority for the proposition that Code of Civil Procedure section 340 controls the limitation period in the instant case. *Williams* did not relate to that section, rather it was concerned with whether the applicable statute of limitations for commencement of an action was tolled by plaintiff's minority as set out in Code of Civil Procedure section 342. *Williams* held in an action against a public entity by a minor, where a claim is required, such minor must comply with the claim procedures but is not bound by the statute of limitations generally applicable because of the specific mandate of Code of Civil Procedure section 352.[1]

Neither do we find *Frost* v. *State of California,* 247 Cal.App.2d 378 [55 Cal.Rptr. 652], applicable to the facts of the instant case. In *Frost* the court was concerned with the question as to when a cause of action arose against the state under circumstances involving the statute of limitations under former Government Code sections 641 and 644. The plaintiffs contended the Moratorium Legislation set out in the Statutes of 1961, chapter 1404, section 4, subdivision (a), tolled the running of the statute of limitations. The court concluded plaintiffs' cause of action was barred because it was controlled by pre-1963 statutes of limitations. Both *Frost* and *Williams* are distinguishable from the instant matter, being primarily concerned with the presentations of claims relating to minors as conditions precedent to the filing of an action.

We conclude the language in Goverment Code section 946.6 permitting

---

[1]The amendment in 1970 of this section of the code (Code Civ. Proc., § 352, subd. (b)) now compels minors and others to comply with the Government Code sections relative to filing claims against public agencies. In the instant case the claim was filed after court permission was obtained to file a late claim.

appellant to file an action "within 30 days" after the court made its order relieving her from the restrictions of Government Code section 945.4, is clear and unambiguous. ■ A statute should be given a reasonable interpretation consistent with the dictates of justice. ■ The intention of the Legislature should not be presumed to include harsh or absurd results unless the language is so clear as to admit of no doubt. (*Artukovich* v. *Astendorf*, 21 Cal.2d 329, 336 [131 P.2d 831]; Civ. Code, § 3542.)

■ The California Law Revision Commission comments as to section 946.6, subdivision (f), are as follows: "Subdivision (f) provides a special period of limitations on actions that can be commenced only after relief from the claims presentation requirement is granted pursuant to the provisions of this section."

Professor Van Alstyne in the 1969 Supplement to California Government Tort Liability, at page 178, states: "Subdivision (f) establishes a maximum period of 30 days after the granting of judicial relief within which the claimant may commence his action. This period of limitations may be longer or shorter than the normal period of limitations for actions on claims."

The statutes (Gov. Code, §§ 945.6 and 946.6) contain their own limitations relative to the procedural processing of claims. ■ Here appellant filed her petition with the court within the proper period of time, was granted the right to commence suit and did so within the period enunciated in the statute. The public entities were not injured by the commencement of an action by appellant. The school district particularly involved was informed of the accident on the very day it occurred. Representatives of the school district visited the scene of the accident and interviewed the appellant on that day. Appellant was sent to the hospital by agents of the public entity and was told to contact an insurance adjuster for the school district. Appellant filed a late claim within the period of time allowed by the Tort Claims Act. Thereafter, on its rejection, she obtained court permission to file suit. This she did within the 30-day period provided.

Respondents also contend since appellant had nine days within which to file the complaint after the superior court relived her from the provisions of Government Code section 945.5, prior to the expiration of the one-year period, there was no reason why such complaint was not filed by April 28, 1969, and appellant could have filed her complaint at any time after December 31, 1968, alleging the petition was pending.

However, inasmuch as we have determined that the limitation period

of the Code of Civil Procedure is inapplicable to the facts of this case, we need not further consider this contention.

We are of the opinion the trial court abused its discretion in entering a judgment of dismissal after sustaining respondents' demurrer without leave to amend. ■ Our law favors a policy of liberal construction of remedial statutes which are designed for the protection of persons within their purview. (*Tammen* v. *County of San Diego,* 66 Cal.2d 468, 480 [58 Cal.Rptr. 249, 426 P.2d 753].)

In view of our determination of this issue we do not consider it necessary to decide the ancillary argument of appellant, i.e., the time for commencement of this action was tolled by express provisions of Code of Civil Procedure section 356, covering the period of time the school districts had the claim of appellant under consideration.

The judgment is reversed.

Kerrigan, J., and Kaufman, J., concurred.