[Civ. No. 24799.   First Dist., Div. Three.   Apr. 25, 1969.]

JOSEPH RIDLEY, a Minor, etc., et al., Plaintiffs and Appellants, v. CITY AND COUNTY OF SAN FRANCISCO, Defendant and Respondent.

Lewis & Stein, Lewis, Rouda & Winchell and Ronald C. Winchell for Plaintiffs and Appellants.

Thomas M. O'Connor, City Attorney, George P. Agnost, Deputy City Attorney, Hauerken, St. Clair, Zappettini & Hines and Cyril Viadro for Defendant and Respondent.

DAVID, J. pro tem.[*] — Plaintiff minors through their guardians ad litem filed suit against the City and County of San Francisco, claiming assault, battery, false arrest and imprisonment by police officers on or about May 30, 1965. The complaint, alleging 20 causes of action, was filed on May 27, 1966. All causes of action alleged in substance that "Within

---

[*]Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

the statutory time following the occurrences herein alleged, plaintiff [name] filed with the City and County of San Francisco a claim pursuant to the appropriate provisions of the California Government Code.''

The appropriate provisions of the Government Code are sections 910, 911.2, 911.4 and 945.4. Section 945.4 provides no such suit for money or damages may be brought until the required written claim has been presented to the public entity and rejected; or by lapse of time is deemed rejected.

Upon motion for summary judgment, it developed that appellants' allegations were not true; that no claims at all were filed within the time specified, which section 911.2 sets forth as ''not later than the 100th day after the accrual of the cause of action.''

The 100 days expired September 8, 1965. The claims for eight plaintiffs were filed on December 27, 1965; two others were filed May 11, 1966. ■ The 100-day requirement applies to actions for false arrest and imprisonment; and a claim filed late is to be disregarded, unless the statutory methods of relief are employed. (*Collins* v. *County of Los Angeles,* 241 Cal.App.2d 451, 460 [50 Cal.Rptr. 586].)

■ . When a claim is not filed within that period, application may be made to the public entity for leave to present the claim ''within a reasonable time not to exceed one year.'' (Gov. Code, § 911.4.) If such an application is made by a minor, in the absence, at least, of special circumstances, it must be granted. (Gov. Code, § 911.6; *Tammen* v. *County of San Diego,* 66 Cal.2d 468, 479-480 [58 Cal.Rptr. 249, 426 P.2d 753].) ■ But no such application was made. No reason has been assigned to excuse the failure to file such a claim, nor the failure to apply for such relief; except the postulate that if they had filed, relief was a matter of right, and therefore they did not have to file at all.

■ Without a proper filing, and rejection of the claims, no right accrues to seek relief in the courts. (Gov. Code, §§ 905, 945.4.) ■ As a condition precedent to granting such relief to permit late filing of a claim, the court is required to find that there was surprise, inadvertence or excusable neglect, akin to the procedure of Code of Civil Procedure section 473. (Gov. Code, § 946.6; *Garcia* v. *City & County of San Francisco,* 250 Cal.App.2d 767, 771 [58 Cal.Rptr. 760] ; *Tammen* v. *County of San Diego, supra,* 66 Cal.2d 468, 475.)

■ No such showing has been attempted here. ■ There

is no constitutional ground to deny the applicability of the claims statutes. (*Wadley* v. *County of Los Angeles*, 205 Cal.App.2d 668, 672-673 [23 Cal.Rptr. 154].)

As indicated above, the filing of a proper claim is a condition precedent to suit. The filing of the lawsuit cannot serve as the condition precedent to its own filing. (*Stromberg, Inc.* v. *Los Angeles County Flood etc. Dist.*, 270 Cal.App.2d 759, 765 [76 Cal.Rptr. 183]; *City of Irvine* v. *Cox*, 296 Ky. 680 [178 S.W.2d 199]; *Blair* v. *City of Ft. Wayne*, 51 Ind. App. 652 [98 N.E. 736]; *Dawson* v. *City of Troy*, 2 N.Y.S. 137; *Russell* v. *Mayor etc. of Wilmington* (Del.) 162 A. 71; cf. *Western Salt Co.* v. *City of San Diego*, 181 Cal. 696, 699 [186 P. 345].)

■■■ Appellants urge that as minors they are being deprived of ''substantial rights by failure to perform the idle act of filing an application for relief which must be granted.''

■■■ The claims statute is applicable to minors. (*Artukovich* v. *Astendorf*, 21 Cal.2d 329 [131 P.2d 831]; *Wall* v. *Sonora Union High Sch. Dist.*, 240 Cal.App.2d 870, 872 [50 Cal.Rptr. 178].) ■■■ Those ''substantial rights'' are the creatures of the liability statutes, (Gov. Code, §§ 815, 820.4; *Sava* v. *Fuller*, 249 Cal.App.2d 281, 284 [57 Cal.Rptr. 312]; *Scruggs* v. *Haynes*, 252 Cal.App.2d 256, 262-264 [60 Cal.Rptr. 355]) and to secure those rights, the mode is the measure of the power. There must be some compliance in order to constitute substantial compliance under the most liberal construction of the law. (*Stromberg* v. *Los Angeles County Flood etc. Dist.*, *supra*, 270 Cal.App.2d 759, 763; *Hall* v. *City of Los Angeles*, 19 Cal.2d 198, 202 [120 P.2d 13].)

Compliance with what the law requires is never an ''idle act'', as the appellants argue, when it is a jurisdictional matter. (*Hom* v. *Chico Unified Sch. Dist.*, 254 Cal.App.2d 335 [61 Cal.Rptr. 920].)

The judgment must be, and is, affirmed.

Draper, P. J., and Brown (H. C.), J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 18, 1969. Peters, J., was of the opinion that the petition should be granted.