[Civ. No. 27936. Fourth Dist., Div. Two. Feb. 24, 1983.]

DAVID L., a Minor, etc., Plaintiff and Appellant, v.
COUNTY OF RIVERSIDE, Defendant and Respondent.

COUNSEL

Donald J. Hess for Plaintiff and Appellant.

MacLachlan, Burford & Arias and Clifford R. Cunningham for Defendant and Respondent.

OPINION

MORRIS, P. J.—

FACTS

Plaintiff was born on June 20, 1975, at Riverside General Hospital. He seeks to assert a cause of action against Riverside County for the severe mental and physical injuries he allegedly suffered at birth due to the allegedly negligent conduct of Riverside General Hospital employees. Plaintiff made application on June 23, 1981, to present a late claim pursuant to Government Code section 911.4.[1] His claim was denied on September 10, 1981. Plaintiff then filed an ex parte petition for appointment of his mother as guardian ad litem which was granted on March 10, 1982. On March 10, 1982, plaintiff filed notice of hear-

---

[1]Unless otherwise stated, all references are to the Government Code.

ing and petition for relief from the claim requirement pursuant to section 946.6.[2] The trial court denied plaintiff's petition on grounds that he had not complied with the provisions of section 911.4. In so holding, the court found: 1) that plaintiff's parents were his guardians within the meaning of section 911.4, and 2) that an unreasonable amount of time had elapsed prior to plaintiff's bringing suit.

On appeal, plaintiff claims that: 1) the word "guardian" in section 911.4 contemplates a person with more legal authority than a parent, and 2) there was no unreasonable delay in filing the claim within the meaning of the statute. Because we agree with plaintiff's interpretation of the statute, we reverse.

### Discussion

Section 911.4 provides: "(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such claim.

"(b) The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) of this chapter within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application. In computing the one-year period under this subdivision, time during which the person who sustained the alleged injury, damage, or loss is a minor shall be counted, *but the time during which he is mentally incapacitated and does not have a guardian or a conservator of his person shall not be counted.*"

■ Plaintiff claims that he falls within the exception to the strict time requirement because he has been physically and mentally incapacitated from the time of his birth and because no guardian was appointed for him until March

---

[2]Section 946.6 provides, in pertinent part: "(a) Where an application for leave to present a claim is denied or deemed to be denied pursuant to Section 911.6, a petition may be made to the court for an order relieving the petitioner from the provisions of Section 945.4. . . .

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that:

". . . . . . . . . . . . . . . . . . . . . . . . . .

"(3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of such disability failed to present a claim during such time; or . . . ."

10, 1982. Under this analysis, the one-year period did not start running until March 10, 1982.

■ It has recently been held that the word "guardian" within section 911.4, refers to a person other than a parent. (*State of California* v. *Superior Court* (1978) 86 Cal.App.3d 475, 482 [150 Cal.Rptr. 308].) This is because the legal responsibilities of a natural guardian, or parent, are those of a parent for a child. These responsibilities do not include prosecuting a claim through the courts, for which the appointment of a guardian ad litem is required. In addition, "[a] parent cannot compromise or settle the claim of a minor without court approval." (*Ibid.*, citing Code Civ. Proc., § 372.)

■ Defendant concedes the trial court's error in finding that plaintiff's parents were necessarily his guardians for purposes of the statute. Yet, defendant argues, the six-year delay in prosecuting this claim was so unreasonable as to compel affirmance of the trial court's decision.

Defendant ignores the clear language of the statute. "[T]he time during which [plaintiff] is mentally incapacitated and does not have a guardian or conservator of his person shall not be counted" in assessing the reasonableness of the period which has elapsed. (§ 911.4.) In other words, this period of time "must be deducted in computing the one-year period." (*State of California* v. *Superior Court, supra,* 86 Cal.App.3d at p. 483.) The fact that plaintiff's parents waited a considerable time before having a guardian appointed does not take plaintiff out of the clear language of the statute. "Clearly, the parent does not succeed to the minor's action through possession of a proprietary right in that action, and the parent's failure timely to file a claim on behalf of the minor does not preclude the minor's maintenance of the action if otherwise permitted." (*Id.*, at p. 480.)

In light of the clear language of the statute, "the policy of the law toward liberal construction of remedial statutes for the protection of persons within their purview and the modern trend of judicial decisions in favor of granting relief unless absolutely forbidden by statute . . . ." (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 480 [58 Cal.Rptr. 249, 426 P.2d 753]), we find that the trial court abused its discretion in denying plaintiff's petition.

The judgment is reversed and remanded. Because plaintiff falls squarely within the provisions of section 946.6, subdivision (c)(3), the trial court is in-

structed to relieve him from the requirement of filing a written claim before the board under section 945.4.[3]

Kaufman, J., and Rickles, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 4, 1983. Bird, C. J., was of the opinion that the petition should be granted.

---

[3]Section 945.4 provides: "Except as provided in Section 946.4 and 946.6, no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented in accordance with Chapter 1 (commencing with Section 900) and Chapter 2 (commencing with Section 910) of Part 3 of this division until a written claim therefor has been presented to the public entity and has been acted upon by the board, or has been deemed to have been rejected by the board, in accordance with Chapters 1 and 2 of Part 3 of this division."