[L.A. 32113. Dec. 22, 1986.]

MARCELLO ROBERTO HERNANDEZ, a Minor, etc.,
Plaintiff and Appellant, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

**COUNSEL**

Girardi, Keese & Crane, John A. Girardi, James B. Kropff and Steven M. Maslauski for Plaintiff and Appellant.

Golman & Von Bolschwing, Bonne, Jones, Bridges, Mueller & O'Keefe, Horvitz & Levy, Horvitz, Levy & Amerian, David M. Axelrad, Barry R. Levy, Ellis J. Horvitz and David S. Ettinger for Defendant and Respondent.

**OPINION**

**GRODIN, J.**—Plaintiff Marcello Hernandez, a minor, seeks review of a decision of the Court of Appeal which affirmed a trial court order barring

his personal injury action against defendant County of Los Angeles because of the failure of his parent or attorney to file a timely claim with the county pursuant to the statutory claims provisions of the California Tort Claims Act. (Gov. Code, § 900 et seq.)[1] Plaintiff challenges the Court of Appeal ruling on two separate grounds. First, he claims that the court erred in finding that the so-called "mentally incapacitated" tolling provision of section 911.4 does not entitle him to relief. Second, he maintains that, in any event, his action should have been permitted to go forward under sections 911.6 and 946.6 because past cases interpreting these provisions establish that so long as a late-claim application on behalf of a minor is filed within a year of the accrual of the minor's cause of action, as it was in this case, any delay by a parent or attorney in filing the claim is not a proper basis for barring the minor's action.

As we shall explain, although we find that the Court of Appeal properly determined that plaintiff was not entitled to invoke the tolling provision of section 911.4, we at the same time conclude that the controlling precedents support plaintiff's second contention. On this basis, we conclude that the judgment of the Court of Appeal must be reversed.

I

Plaintiff was born on June 24, 1981, at the Los Angeles County Hospital. According to the allegations contained in various claims filed on his behalf, as a result of negligent medical care provided by the county immediately before, during and after his birth, plaintiff suffers from profound mental retardation and severe physical handicaps.

Plaintiff's mother assertedly first learned that her son's mental and physical injuries may have resulted from the county's negligent medical care when she consulted an attorney in October 1981. After that consultation, the attorney sought to obtain plaintiff's medical records from the county; he succeeded in obtaining the records on December 24, 1981.

Two and one-half months later, on March 5, 1982, the attorney filed an application for leave to present a late claim with the county on behalf of plaintiff. The application acknowledged that a claim on plaintiff's behalf had not been filed within the 100-day period prescribed by section 911.2, but emphasized that the late-claim application was being presented within 1 year of the accrual of the minor's cause of action and requested that leave to file the late claim be granted "based on his minority." On April 7, 1982, the county denied the application to file a late claim, informing plaintiff

---

[1] Unless otherwise specified, all section references are to the Government Code.

that if he wished to challenge the denial he was required to file a petition in court pursuant to section 946.6 within six months.

On June 24, 1982, plaintiff's mother filed a petition in superior court seeking an order appointing her guardian ad litem for her son; the court granted the order that same day. Immediately thereafter, she filed a petition with the court on plaintiff's behalf, pursuant to section 946.6, requesting relief from the claim-filing requirements. Through the initial and subsequent petitions, plaintiff asserted that he was entitled to relief under section 946.6 because the county had erred in refusing to grant his late-claim application on two separate grounds. First, plaintiff contended that because he has been mentally incapacitated since birth, under section 911.4, subdivision (b) the time for filing a late-claim application did not even begin to run until his mother was formally appointed as his guardian ad litem on June 24, 1982; accordingly, he asserted that his late-claim application, presented in March 1982, was filed "within a reasonable time" as a matter of law and should have been granted. Second, plaintiff maintained that because his late-claim application was presented within a year of the accrual of his cause of action and because he was a minor during the entire claim-filing period, past cases established that his late-claim application should have been granted even if his parent or attorney had been somewhat dilatory in filing the application.

The trial court rejected plaintiff's contentions and denied the requested relief from the claim-filing requirement. The court found that section 911.4's tolling provision did not apply to a mentally incapacitated minor, and concluded that the petition failed to demonstrate that the late-claim application was filed "within a reasonable time" as required by section 911.4 because no sufficient explanation had been provided for the four-and-one-half-month delay between discovery of the cause of action in October 1981 and the filing of the late-claim application in March 1982. The Court of Appeal affirmed.

We granted review to resolve an apparent conflict between the Court of Appeal's application of the relevant claims statutes in this case and the application of these provisions in a number of earlier decisions.

## II

The California Tort Claims Act provides that before an individual can bring an action for damages against a governmental entity, he must ordinarily present a claim to the relevant entity within 100 days of the accrual of his cause of action. (§§ 911.2, 945.4.) Past cases establish that, for purposes of the claims statutes, a minor's cause of action for medical malpractice—the type of action involved in this case—accrues when the minor's parent

or guardian knew or should have known that the child's injuries were caused by negligent medical care. (See, e.g., *Whitfield* v. *Roth* (1974) 10 Cal.3d 874, 885 [112 Cal.Rptr. 540, 519 P.2d 588].) In the present case, plaintiff's pleadings indicate that his mother first learned of the negligent cause of his injuries in late October 1981 and, assuming that is true, the 100-day period would have expired sometime in early February 1982. Plaintiff concedes that no claim was filed with the county within that 100-day period.

In recognition of the short duration of the claim-filing period and to ameliorate the potential harshness of the 100-day rule, the Tort Claims Act establishes a procedure under which an injured person who has missed the 100-day deadline may file an application with the relevant governmental entity for leave to present a late claim. (§ 911.4 et seq.) Plaintiff resorted to that procedure in this case, filing a late-claim application on March 4, 1982, approximately one month after the one hundred-day period had ostensibly expired. The county rejected the late-claim application shortly thereafter. As noted, plaintiff maintains that the county erred in rejecting the claim as untimely and refusing to even consider its merits.

 Plaintiff's initial contention rests on the provisions of section 911.4. That section reads in relevant part: "(a) When a claim that is required by Section 911.2 to be presented not later than the 100th day after the accrual of the cause of action is not presented within such time, a written application may be made to the public entity for leave to present such a claim. [¶] (b) The application shall be presented to the public entity . . . within a reasonable time not to exceed one year after the accrual of the cause of action and shall state the reason for the delay in presenting the claim. The proposed claim shall be attached to the application. *In computing the one-year period under this subdivision, time during which the person who sustained the alleged injury, damage, or loss is a minor shall be counted, but the time during which he is mentally incapacitated and does not have a guardian or a conservator of his person shall not be counted.*" (Italics added.)

Relying on the concluding clause of the italicized sentence—the clause relating to mental incapacitation—plaintiff contends that because he has been mentally incapacitated for the entire period of his injury, the time for filing a late claim was tolled under this provision until his mother was formally appointed his guardian ad litem by the superior court on June 24, 1982. As a consequence, he asserts that his late-claim application, filed March 4, 1982, was presented even before the late-claim period had begun to run and consequently was filed "within a reasonable time" as a matter of law and should not properly have been rejected by the county. Plaintiff relies on two prior Court of Appeal opinions—*David L.* v. *County of Riv-*

*erside* (1983) 140 Cal.App.3d 282, 284-286 [189 Cal.Rptr. 333], and *State of California* v. *Superior Court* (1978) 86 Cal.App.3d 475, 479-483 [150 Cal.Rptr. 308]—which interpreted the "mental incapacitation" clause in just such a fashion.

The county strongly takes issue with the interpretation of the emphasized sentence in these earlier cases, insisting that the sentence—taken as a whole and read in light of the purposes of the provision—was clearly intended to distinguish between minors, on the one hand, and mentally incapacitated persons who do not have a guardian or a conservator, on the other. With respect to minors, the statute makes clear that the normal late-claim time periods *shall not* be tolled; with respect to mentally incapacitated persons who lack a guardian or conservator, the time limitations *shall* be tolled. As the county points out, whenever a child is injured it is invariably the child's parents or guardian rather than the child who files a claim for recovery; since a parent or guardian is equally capable of filing a claim whether or not the injured child is mentally incapacitated, the county asserts that it is implausible to suggest that the Legislature intended to mandate disparate treatment on this basis within the class of injured minors. Accordingly, the county insists that the tolling provision was intended to apply only to mentally incapacitated adults who lack a guardian or conservator.

Although the statutory language could be clearer, we believe the county's suggested interpretation is the more reasonable reading of the statute. By explicitly providing that the "time during which the person who sustained the alleged injury . . . is a minor *shall be counted*" (italics added) for purposes of the late-claim filing period, the Legislature has clearly indicated that it did not intend to authorize the filing of a claim on behalf of a child many years after the accrual of his cause of action. (See also Code Civ. Proc., § 352, subd. (b).) With respect to such an injured child, the Legislature evidently concluded that it was reasonable to expect that a late-claim application would be filed on his behalf by a parent or another adult responsible for the child's care within one year of the accrual of his cause of action.

At the same time, the Legislature concluded that a similar assumption could not be made with respect to a mentally incapacitated adult who lacks a guardian or conservator to act on his behalf. As to this class of claimants, the Legislature determined that the tolling of a late-claim filing period was warranted—even if it resulted in a substantial delay in the filing of claims—so as not to deny such claimants a meaningful opportunity to obtain redress for their injuries.

Given this legislative scheme, we conclude that an injured minor who has parents capable of acting on his behalf may not invoke the tolling

provisions of section 911.4, subdivision (b) even if the minor is mentally incapacitated. A contrary conclusion would mean that in a substantial number of cases in which a child is injured, the time for filing a late-claim application would be extended considerably beyond the one-year period, even though the child's mental incapacity has no realistic effect on the claim-filing process. In light of the overall legislative purpose, we do not think that the Legislature contemplated that the tolling clause would operate in that fashion.[2]

In reaching the opposite conclusion, the courts in *David L., supra,* 140 Cal.App.3d 282 and *State of California, supra,* 86 Cal.App.3d 475, did not view the provisions of section 911.4 relating to minors and mentally incapacitated persons as a whole, but rather focused narrowly on the statute's use of the word "guardian" in the "mentally incapacitated" clause, considering simply whether that term was intended to include a parent who had not been formally appointed a guardian ad litem by a court. Relying on the fact that a minor is not permitted to prosecute a claim through the courts without a guardian ad litem and that a parent may not compromise a minor's claim without court approval, those courts concluded that the term "guardian" was intended to refer only to a court-appointed guardian; they reasoned that the statute would have used the term "natural guardian" if the presence of a custodial parent had been intended to render the tolling provision inapplicable. (See *David L., supra,* 140 Cal.App.3d at p. 285; *State of California, supra,* 86 Cal.App.3d at p. 482.) This reasoning clearly proves too much, however, for a custodial parent has no greater legal powers with respect to a child who is not mentally incapacitated than with respect to a child who is. As a consequence, the reasoning of *David L.* and *State of California* would logically suggest that the time for filing a late claim on behalf of a minor should be tolled *in all cases* until the minor's parent is formally appointed guardian ad litem by a court. As we have seen, however, section 911.4 makes it quite clear that the time for filing a late claim is *not* to be tolled simply because the injured person is a minor; the section plainly demonstrates that the Legislature contemplated that a minor's parent would

---

[2]The provisions of section 911.6, subdivision (b)(3) and section 946.6, subdivision (c)(3) lend additional support to this interpretation. Those provisions indicate that both the governmental entity which passes on a late-claim application in the first place, and the superior court which reviews a denial of late-claim relief by such an entity, should grant an injured person relief from a failure to file a claim within the 100-day period when, inter alia, "[t]he person who sustained the alleged injury . . . was physically or mentally incapacitated during [the 100-day period] *and by reason of such disability failed to present a claim during such time;* . . ." (Italics added.) The italicized clause demonstrates that the Legislature intended to provide special relief to a mentally incapacitated claimant only when the claimant's incapacity has had at least some causal effect on his failure to comply with the claims requirement. When the injured person is a minor, it is the capacity of his parents or guardian, not the minor, that is of crucial significance in assessing the ability to comply with the claims procedure.

file such an application on his behalf and that a formal court appointment was unnecessary for this purpose.

Accordingly, viewing the statutory provision as a whole, we conclude that, unlike a mentally incapacitated adult who lacks a guardian, a mentally incapacitated minor must generally file a late-claim application no later than one year after the accrual of his cause of action. To the extent that they are inconsistent with this conclusion, the Court of Appeal decisions in *David L. v. County of Riverside, supra,* 140 Cal.App.3d 282 and *State of California v. Superior Court, supra,* 86 Cal.App.3d 475, are disapproved.

Thus, we agree with the Court of Appeal's conclusion that plaintiff cannot obtain relief by virtue of the mentally incapacitated tolling provision of section 911.4.

### III

The inapplicability of the "mentally incapacitated" tolling provision, however, does not exhaust plaintiff's contentions. In the present case, plaintiff's late-claim application was not delayed for many years after the accrual of his cause of action, but rather was filed well within a year of the accrual of that action—indeed, well within a year of the injury itself.[3] Plaintiff contends that the governing authorities establish that when a late-claim application is filed on behalf of a minor within a year of the accrual of the minor's cause of action, and when any delay in filing the claim is not attributable to the minor himself, the governmental entity is required to grant permission to file the claim and may not deny the application on the basis of a delay attributable to the minor's parents or attorney. As we shall see, the controlling precedents do support plaintiff's contention.

To begin with, it is clear from the face of the late-claim provisions that the Legislature intended to establish different standards for the consideration of late-claim applications that are filed on behalf of injured adults and those that are filed on behalf of injured minors. Section 911.6—the provision which sets forth the standards governing a public entity's grant or denial of late-claim applications—draws an explicit distinction between these two categories: with respect to adults the section provides that a late-claim application must be granted only when "[t]he failure to present the claim was through mistake, inadvertence, surprise or *excusable* neglect and the public entity was not prejudiced by the failure to present the claim [within the 100-day period]" (§ 911.6, subd. (b)(1), italics added), but with respect to minors the section provides simply that the late-claim application must

---

[3]The injury in this case allegedly occurred at the time of plaintiff's birth in June 1981. The late-claim application was filed with defendant county in early March 1982.

be granted so long as the injured person was a minor during the entire 100-day period. (§ 911.6, subd. (b)(2).)[4] Section 946.6, subdivisions (c)(1) and (c)(2) embody precisely the same distinctions.[5]

Past cases—stretching back over two decades—have uniformly interpreted the provisions of sections 911.6 and 946.6 and their statutory predecessors as indicating that the Legislature intended to accord special solicitude to the claims of injured minors, and generally intended to require a public entity to accept a late claim filed on behalf of a minor so long as the application is filed with the entity within one year of the accrual of the cause of action. (See, e.g., *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 479-480 [58 Cal.Rptr. 249, 426 P.2d 753]; *Whitfield* v. *Roth, supra,* 10 Cal.3d 874, 883-884; *Frost* v. *State of California* (1966) 247 Cal.App.2d 378, 386-387 [55 Cal.Rptr. 652]; *Hom* v. *Chico Unified Sch. Dist.* (1967) 254 Cal.App.2d 335, 338-339 [61 Cal.Rptr. 920]; *Ridley* v. *City etc. of San Francisco* (1969) 272 Cal.App.2d 290, 292 [77 Cal.Rptr. 199]; *Wozniak* v. *Peninsula Hospital* (1969) 1 Cal.App.3d 716, 720-721 [82 Cal.Rptr. 84]; *Williams* v. *Mariposa County Unified Sch. Dist.* (1978) 82 Cal.App.3d 843, 849 [147 Cal.Rptr. 452]. See generally Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 5.52, subd. c., pp. 518-519.)

---

[4] Section 911.6 provides in full:

"(a) The board shall grant or deny the application within 45 days after it is presented to the board. The claimant and the board may extend the period within which the board is required to act on the application by written agreement made before the expiration of such period.

"(b) The board shall grant the application where:

"(1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect and the public entity was not prejudiced by the failure to present the claim within the time specified in Section 911.2; or

"(2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim; or

"(3) The person who sustained the alleged injury, damage or loss was physically or mentally incapacitated during all of the time specified in Section 911.2 for the presentation of the claim and by reason of such disability failed to present a claim during such time; or

"(4) The person who sustained the alleged injury, damage or loss died before the expiration of the time specified in Section 911.2 for the presentation of the claim.

"(c) If the board fails or refuses to act on an application within the time prescribed by this section, the application shall be deemed to have been denied on the 45th day or, if the period within which the board is required to act is extended by agreement pursuant to this section, the last day of the period specified in such agreement."

[5] Section 946.6, subdivision (c) provides in relevant part: "The court shall relieve the petitioner from the provisions of Section 945.4 if the court finds that the application to the board under Section 911.4 was made within a reasonable time not to exceed that specified in subdivision (b) of Section 911.4 and was denied or deemed denied pursuant to Section 911.6 and that: (1) The failure to present the claim was through mistake, inadvertence, surprise or excusable neglect unless the public entity establishes that it would be prejudiced if the court relieves the petitioner from the provisions of Section 945.4; or (2) The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim; . . ."

The past cases do recognize that section 911.4's requirement that the late-claim application be presented within a "reasonable time" is applicable even to late-claim applications by minors. In light of the clear indication in sections 911.6 and 946.6 that the Legislature intended to apply an "excusable neglect" qualification to late claims by adults but *not* to late claims by minors, however, the decisions have concluded that the special solicitude for late claims filed on behalf of minors should be realized by holding that— at least for purposes of the "reasonable time" requirement—the neglect or ignorance of the minor's parents or attorney will not be attributed to the minor so as to bar a late-claim application that is filed within one year of the accrual of the minor's action. (See, e.g., *Tammen* v. *County of San Diego, supra,* 66 Cal.2d at pp. 479-480; *Williams* v. *Mariposa County Unified Sch. Dist., supra,* 82 Cal.App.3d at pp. 850-852.)

Our court specifically spoke to this point in our 1967 decision in *Tammen,* shortly after the enactment of the 1963 Tort Claims Act. After concluding that the trial court in that case had not erred in upholding the public entity's rejection of the *adult* plaintiff's late-claim application, the *Tammen* court went on to find that the trial court had abused its discretion in denying the petition of the *minor* plaintiff. Noting that "[t]he language of the statute is mandatory, in that the superior court *shall* grant relief if it finds that the minor's application to the board was made within a reasonable time not to exceed one year after the accrual of the cause of action" (66 Cal.2d at p. 479), and that the Legislature's "intent to . . . protect the rights of minors is evinced in the more liberal 1963 claims act" (*ibid.*), the court observed that "[u]nder the 1963 act, where the claimant is a minor, it is wholly immaterial that the public entity will be prejudiced by the late filing, and the only determination for the court is whether *the minor* acted diligently in seeking relief from his failure to file within the 100 days." (*Id.,* at p. 480, italics added.) With respect to the question whether counsel's delay in filing the claim in that case should be attributed to the minor, the *Tammen* court held that the statutory language "was not enacted to penalize minors or to deprive them of their rights in cases where adults may have slept on their rights—quite to the contrary the statutes are to protect minors." (*Ibid.*)

The *Tammen* holding in this regard was expressly followed in the more recent decision in *Williams* v. *Mariposa County Unified Sch. Dist., supra,* 82 Cal.App.3d 843. In finding that the trial court had abused its discretion in denying a late-claim application of a minor which had been filed within the one-year period, the *Williams* court stated: "Subdivision (c)(2) of section 946.6 [—which tracks the language of section 911.6, subdivision (b)(2)— ] was not enacted to penalize minors or to deprive them of their rights in cases where adults may have slept on the minor's rights. [Citations.] The

rights of a minor under that provision should not be lost by failure or neglect on the part of a third party over whose actions the minor has no effective control. [Citation.] '[T]he only determination for the court is whether *the minor acted diligently* in seeking relief from his [or her] failure to file [a claim] within the 100 days.' [Citation.] . . . [¶] . . . If unreasonableness is to be found, it is attributable to the actions of the minor's mother and the attorney over which the minor had no effective control; the lack of diligence displayed by these two adults cannot be attributed to the minor so as to defeat his claim." (82 Cal.App.3d at pp. 851-852.)

Relying on other cases which have concluded that a minor's rights may in some contexts be affected by the action or inaction of his parents (cf. *Whitfield* v. *Roth, supra,* 10 Cal.3d 874, 885), the county suggests that the somewhat contradictory language of sections 911.4 and 911.6 should be interpreted to mean that a parent's or attorney's lack of diligence will be attributable to a minor for purposes of section 911.4's "reasonable time" requirement. As we have seen, however, for the past 20 years the controlling California decisions have adopted a contrary interpretation. This case law has been clearly set out in the leading treatise in this area (see Van Alstyne, Cal. Government Tort Liability Practice, *supra,* § 5.52, subd. c., p. 519), and the Legislature has not acted to disapprove or to overturn this well-established statutory construction. Under these circumstances, we can discern no compelling reason to overrule this line of decisions at this late date, particularly when the effect of such an overruling would be largely to eliminate the special solicitude for late-claim applications on behalf of injured minors that is reflected in sections 911.6, subdivision (b)(2) and 946.6, subdivision (c)(2).

## IV

In sum, when sections 911.4, 911.6 and 946.6 are read as a whole, it appears that the Legislature, in structuring the rules to govern late-claim applications for injured minors, has attempted to reach a reasonable accommodation between the interests of minors who are generally unable to protect themselves and the interests of the affected governmental entity. Section 911.4 requires a late-claim application to be filed on behalf of a minor no more than one year after the accrual of the minor's cause of action, thereby protecting a governmental entity from having to respond to a claim many years after the accrual of the action. At the same time, sections 911.6 and 946.6 ensure a minor that when a late-claim application is filed within a year of the accrual of his cause of action, his claim will not be barred because of a delay within that year for which the minor himself is not responsible.

Accordingly, we conclude that because (1) plaintiff's late-claim application was filed within one year of the accrual of his cause of action, (2) plaintiff was a minor for the entire one hundred-day claim period, and (3) any delay in filing the late-claim application was clearly not attributable to any lack of diligence on the part of the minor himself, the county was under an obligation to accept the late claim under section 911.6 and the trial court erred in refusing to enter an order pursuant to section 946.6, relieving plaintiff from the provisions of section 945.4.

The judgment of the Court of Appeal is reversed.

Bird, C. J., Broussard, J., and Reynoso, J., concurred.

**MOSK, J.**—I concur in the majority's holding that the tolling provision of section 911.4 of the Government Code does not apply to minors.[1] But I dissent from its further conclusion that a minor's late claim application is timely if filed within one year of the accrual of his cause of action, and that the lack of diligence of a parent may not be imputed to the minor for the purpose of deciding whether a late claim application was filed within a reasonable time.

As to the first point, the majority holding is contrary to the provisions of sections 911.4 and 946.6 that a late claim application on behalf of a minor must be filed within a reasonable time. The majority acknowledge that the cases they cite in support of their holding recognize this requirement, but they simply read it out of the statute by holding that a late claim application on behalf of a minor is timely if it is filed within one year of the accrual of the cause of action. On the second issue, the existence of the "reasonable-time" requirement is itself an indication that a minor is bound by his parent's failure to comply with the statute. It is inconceivable that the Legislature imposed on a minor—including an infant—the duty to act within a reasonable time or risk forfeiting his claim. Only an adult can be expected to meet such a standard. If a parent's negligence in this regard could not be attributed to a minor, the "reasonable-time" requirement would have no meaning or effect as to him.

Furthermore, it is anomalous to conclude, as do the majority, that, while a minor is barred by his parent's negligence in failing to file a late claim application within one year of the accrual of the cause of action, he is not barred if his parent fails to file such an application within a reasonable time.

The provisions of section 911.6 do not justify the majority's conclusion. Although the section does not provide that the late claim application must

---

[1]All further statutory references are to the Government Code unless otherwise indicated.

be filed within a reasonable time, section 911.4, and section 946.6, which directly applies to the present proceeding, do impose such a requirement, as do the cases cited by the majority. To the extent section 911.6 may be inconsistent with sections 911.4 and 946.6 in this regard, it is the latter and later provision which must prevail.[2]

Another indication that the majority errs in its construction of the claims statute is the provision of section 946.6, applicable to both minors and adults, that a petition for relief from the claim filing requirement must contain a statement of the reason for the minor's failure to present a claim within 100 days.[3] While I do not pretend to find perfect harmony in the statutory scheme, there would be no reason to include these directions to the court if, as the majority hold, the minor automatically has a one-year period to file his claim application without regard to the reason for the delay.

Of the cases purportedly supporting the majority, only *Williams* v. *Mariposa County Unified School District* (1978) 82 Cal.App.3d 843 [147 Cal.Rptr. 452], clearly holds that the lack of diligence of a parent may not be imputed to a minor in the filing of a late claim application, and only it was decided after section 911.4 was amended in 1970 to make clear that the Legislature intended to apply the same diligence standards to minors as to adults. (Stats. 1970, ch. 411, § 1, p. 822.) None of the other cases cited discusses the issue raised here. There was no petition for hearing in *Williams,* and this court has not decided the issue raised therein. Thus I believe it should be disapproved.

The trial court was clearly justified in concluding that plaintiff did not file his late claim application within a reasonable time. I would affirm the judgment of the Court of Appeal.

Lucas, J., and Panelli, J., concurred.

Respondent's petition for a rehearing was denied March 11, 1987.

---

[2]Section 911.6 is part of the 1963 Tort Claims Act (Stats. 1963, ch. 1715, § 1, pp. 3372, 3376), while section 946.6 was enacted in 1965 (Stats. 1965, ch. 653, § 22, p. 2016).

[3]Section 946.6 provides in subdivision (b)(2) that a petition to the court to be relieved of the claim filing requirement must show "the reason for failure to present the claim within the time limit specified in section 911.2."