**Justin R. DAHLZ, Plaintiff–Appellant,**

v.

**COUNTY OF SAN MATEO; San Mateo County Sheriff's Department; Leonard E. Cardoza, Sheriff of County of San Mateo; W.L. Hudson & Sons, Inc., a California corporation; Clifford V. Cretan, Defendants–Appellees.**

No. 99–17109.

D.C. No. CV–98–04020–VRW.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2001.*

Decided March 2, 2001.

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Before ALARCÓN, KOZINSKI, and HAWKINS, Circuit Judges.

## MEMORANDUM **

California law allows a judge to issue a warrant for failure to appear for a debtor's examination, Cal.Civ.Proc.Code § 708.170, and Dahlz points to nothing that establishes that the warrant issued for his arrest was illegal.

Dahlz's section 1983 claims against the creditor and his attorney fail because Dahlz cannot establish that they acted "under color of state law." The false

arrest and imprisonment claims against the creditor and his attorney fail because a judge lawfully issued the bench warrant.

Dahlz's claims against the county and sheriff's department fail because he cannot establish that either had a "policy or custom" that violated his constitutional rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Dahlz's detention does not violate constitutional standards of due process. *See Baker v. McCollan*, 443 U.S. 137, 145, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

The arresting officers were executing a valid court order and are entitled to absolute immunity for their actions. *Coverdell v. Dep't of Soc. & Health Servs.*, 834 F.2d 758, 764–65 (9th Cir.1987).

The district court properly dismissed Dahlz's state claims, since Dahlz did not first present them to the appropriate state agency within six months of the accrual of the cause of action. Cal. Gov't Code § 911.2; *Ridley v. City & County of San Francisco*, 272 Cal.App.2d 290, 77 Cal. Rptr. 199, 202 (Cal.Ct.App.1969). Moreover, California law provides immunity to any peace officer who makes an arrest pursuant to a warrant "regular upon its face" and without malice. Cal. Civil Code § 43.55.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.