[No. B221206. Second Dist., Div. Three. Apr. 20, 2011.]

E.M., Plaintiff and Appellant, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

---

**COUNSEL**

The Sweeney Firm and Angela M. Powell for Plaintiff and Appellant.

Haight Brown & Bonesteel, Rita Gunasekaran and Dennis K. Wheeler for Defendants and Respondents.

---

**OPINION**

**KLEIN, P. J.**—Plaintiff and appellant E.M. (plaintiff), who was sexually molested by a basketball coach, appeals an order dismissing her tort action against defendants and respondents Los Angeles Unified School District (the District), and Andre LaBeach (LaBeach), Andre Chevalier and Michelle Chevalier in their capacity as employees and/or agents of the District (sometimes collectively referred to as the District).

The essential issue presented is whether plaintiff duly filed a government claim prior to filing suit against the District.

■ We conclude plaintiff satisfied the claim presentation requirement of the Tort Claims Act. (Gov. Code, §§ 900 et seq., 945.4.)[1] Because plaintiff was a minor, her application for leave to file a late claim, filed less than one year after accrual of the cause of action, is deemed timely. (§ 911.4, subd. (b); § 911.6, subd. (b)(2).) Further, the subsequent lawsuit, filed within six months of the District's rejection of the late claim application, likewise was timely. (§ 945.6, subd. (a)(1).)

Accordingly, we reverse and remand with directions to reinstate the action.

---

[1] All statutory references are to the Government Code, unless otherwise specified.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Criminal proceedings.*

On June 2, 2008, LaBeach, a basketball coach, pled "guilty/no contest" to having unlawful sexual intercourse with plaintiff, a minor (born Oct. 1990), and was placed on felony probation for three years.

2. *Plaintiff files a government tort claim against the District nine months after the last sexual encounter with LaBeach; the District denies the claim as untimely.*

On June 11, 2008, plaintiff filed a claim (§ 910) with the District seeking damages of $5.5 million from the District based on plaintiff's molestation by LaBeach.

The claim stated in pertinent part: The last sexual encounter between LaBeach and plaintiff occurred nine months earlier, in or around September 2007, while plaintiff was a senior at Chatsworth High School. LaBeach was a coach for Blessed By God Sports (BBG), a travelling basketball team owned by Andre Chevalier, who was dean of students at Cleveland High School. In the summer of 2006, LaBeach confirmed to Andre Chevalier that LaBeach and plaintiff were engaged in a sexual relationship. Andre Chevalier told his wife, Michelle Chevalier, of the relationship. On March 25, 2008, Michelle Chevalier notified plaintiff's mother. This claim followed. Thus, the claim was filed 78 days after plaintiff's mother learned of the molestation.

On June 26, 2008, the District returned the claim to plaintiff on the ground "it was not presented within six months after the event or occurrence as required by law. See Sections 901 and 911.2 of the Government Code. Because your correspondence was not presented within the time allowed by law, no action was taken on the claim. [¶] Your only recourse at this time is to apply, without delay, to [the District] for Leave to Present a Late Claim. See Sections 911.4 to 912.2, inclusive, and Section 946.6 of the Government Code. Under some circumstances, leave to present a late claim will be granted. See Section 911.6 of the Government Code."

3. *Plaintiff files an application for leave to present a late claim less than one year after her last sexual contact with LaBeach, seeking mandatory relief; the District rejects the application and advises plaintiff she has six months to file a petition for relief from the claims statute.*

On August 4, 2008, plaintiff filed an application for leave to present a late claim. (§§ 911.4, 911.6.) As required by section 911.4,[2] the late claim application set forth the following reasons for the delay in presenting the claim: "In the realm of amateur basketball, the traveling team you play for is an important factor in determining whether a student-athlete obtains an athletic scholarship. Mr. LaBeach was a coach for BBG that had control over [plaintiff's] playing time and communications with colleges interested in offering her an athletic scholarship. College tuition, housing, books and food at a four year university can run into the hundreds of thousands. A scholarship was the only way [plaintiff] would be able to afford a college education. [¶] Mr. LaBeach began to make sexual advances towards [plaintiff]. In March 2006, LaBeach and [plaintiff] had sexual intercourse. Mr. LaBeach ordered [plaintiff] not to tell anyone. Based on his control over her play time, his ability to assist in her getting an athletic scholarship, her shame about what happened, and the prospect of no one believing her, [plaintiff] took this threat seriously and did not disclose this illegal relationship."

The application for leave to present a late claim specifically invoked mandatory relief pursuant to section 911.6, subdivision (b)(2), which states: "(b) The board *shall grant the application* where one or more of the following is applicable: [¶] . . . [¶] (2) The person who sustained the alleged injury, damage or loss *was a minor during all of the time specified in Section 911.2 for the presentation of the claim.*" (Italics added.)

The late claim application stated: "[Plaintiff] was born October 1, 1990. She will not be 18 until October 1, 2008. The illegal sexual relationship with Mr. LaBeach . . . last occurred in September, 2007. . . . [¶] . . . In the instant case, the one-year accrual date is September 2008 . . . . With this in mind, [the District] must grant [plaintiff's] application for leave to file" the late claim application which plaintiff submitted on August 4, 2008.

On September 25, 2008, the District notified plaintiff's counsel that her application for leave to present a late claim was rejected by the board of education at a meeting on September 9, 2008. The notification included the

[2] Section 911.4 states in pertinent part: "(b) The [late claim] application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) within a reasonable time not to exceed one year after the accrual of the cause of action *and shall state the reason for the delay in presenting the claim.*" (Italics added.)

advisement required by section 911.8, to wit, "If you wish to file a court action on this matter, you must first petition the appropriate court for an order relieving you from the provisions of Government Code Section 945.4 (claims presentation requirement). See Government Code Section 946.6. *Such petition must be filed with the court within six (6) months from the date your application for leave to present a late claim was denied.*"

### 4. *Plaintiff's superior court complaint for damages.*

On February 25, 2009, five months after the District rejected the application for leave to present a late claim, plaintiff commenced this tort action against the District in the superior court. The named defendants included the District, Andre Chevalier, Michelle Chevalier and LaBeach.

### 5. *Plaintiff's petition in the superior court for relief from the claims statutes.*

Two months after plaintiff filed suit, she filed a petition in the same action seeking relief from the claims statutes. The petition was filed April 21, 2009, *seven months* after the District rejected plaintiff's late claim application. The petition was brought pursuant to the relief provision of section 946.6, "and on the grounds that [the District] wrongfully rejected Plaintiff's claim as late."

### 6. *Trial court denies petition for relief from claims statutes and dismisses the action.*

On June 8, 2009, the trial court (Hon. Richard Adler) heard and denied plaintiff's petition for relief from the claim filing requirements. The trial court ruled the petition for relief was untimely because it was filed more than six months after the denial of the application for leave to present a late claim.[3]

On June 24, 2009, the trial court, having denied plaintiff's petition for relief from the claims statute, ordered the case dismissed in its entirety.

### 7. *Reinstatement of the action; trial court again dismisses the action.*

On July 1, 2009, plaintiff filed an ex parte application to vacate the dismissal on the ground the District was the only party as to which she was required to satisfy the claim filing requirements.

---

[3] Section 946.6 provides a petition for relief from the claims statutes "shall be filed within six months after the [late claim] application to the board is denied or deemed to be denied pursuant to Section 911.6." (§ 946.6, subd. (b)(3).)

On July 1, 2009, the trial court granted the ex parte application, vacated the June 24, 2009 order of dismissal and directed defense counsel to submit a new order of dismissal.

On July 31, 2009, the trial court entered a new order dismissing the case without prejudice as to the District as well as LaBeach, Andre Chevalier and Michelle Chevalier in their capacity as employees and/or agents of the District. The basis of the dismissal was that plaintiff failed to file her petition for relief from the claims statute within six months of the denial of her late claim application.

8. *Reassignment to a different judge.*

On August 7, 2009, one of the remaining defendants filed a peremptory challenge to Judge Adler (Code Civ. Proc., § 170.6) and the matter was reassigned to Judge Kaddo.

9. *Plaintiff's motion for a determination her claim and lawsuit were timely.*

On October 30, 2009, plaintiff filed a motion to determine the timeliness of her claim for damages, contending her late claim application was timely because it was filed on August 4, 2008, well within one year of the last act of molestation in September 2007.[4] Plaintiff further contended the lawsuit was filed timely because it was brought within six months of the denial of the late claim application.[5]

In opposition, the District contended plaintiff's initial claim was untimely because it was submitted more than six months after the last act of sexual molestation that formed the basis of her claim for damages. Further, the fact plaintiff was a minor did not extend the time for her to file a claim, and plaintiff's own allegations refuted any claim of delayed discovery. Upon the denial of plaintiff's request to file a late claim, plaintiff failed to file a timely petition under section 946.6 for relief from the claims statutes.

On December 2, 2009, the matter came on for hearing. Consistent with Judge Adler's earlier ruling, Judge Kaddo ruled plaintiff failed to comply with the procedure for obtaining judicial review upon the denial of her request to file a late claim. The trial court noted plaintiff had six months to

---

[4] In effect, plaintiff's October 30, 2009 motion before Judge Kaddo to determine the timeliness of her claim was an attempt to obtain reconsideration of Judge Adler's denial of her petition for relief from the claims statutes.

[5] Generally, an action must be commenced within six months after the claim is rejected. (§ 945.6, subd. (a)(1).)

file a petition under section 946.6 for relief from the claims statute. Her petition, filed seven months after rejection of the late claim application, was untimely. "If plaintiff believed that the denial of her petition under . . . section 946.6 was improper, her remedy was to file an appeal from that denial."

10. *Notice of appeal.*

On December 17, 2009, plaintiff filed notice of appeal specifying (1) the July 31, 2009 order dismissing the action against the District and the individual defendants in their capacity as employees and/or agents of the District; and (2) the December 2, 2009 order denying plaintiff's motion for a determination of the timeliness of her claim.[6]

## CONTENTIONS

Plaintiff contends Judge Kaddo erred in denying her motion to determine timeliness of claim for damages; at the hearing on the petition for relief from the claim filing requirements, Judge Adler could not consider whether her claim for damages was timely; and Judge Adler erred in dismissing the District from the underlying action.

## DISCUSSION

1. *No merit to the District's contention the appeal from the July 31, 2009 order of dismissal is untimely.*

The District contends this court cannot reach the merits of the appeal because the December 17, 2009 notice of appeal is untimely as to the July 31, 2009 order of dismissal. This contention by the District is without merit.

The District's theory is that *at the June 8, 2009 hearing* on the petition for relief from the claims statute, both sides waived notice of ruling, and such waiver eliminated the need for notice of ruling by the prevailing party or by the clerk, so as to commence the period for filing notice of appeal. However, the District improperly conflates the June 8, 2009 hearing and ruling on the petition for relief from the claims statute with the July 31, 2009 order of dismissal. As noted, between the June 8, 2009 ruling and the July 31, 2009 order of dismissal there was a series of other events, including a dismissal on June 24, 2009, and an ex parte application and reinstatement of the action on

---

[6] The July 31, 2009 order of dismissal by Judge Adler is appealable as a judgment. (Code Civ. Proc., § 581d.) However, the December 2, 2009 order by Judge Kaddo, denying plaintiff's subsequent motion for a determination of the timeliness of her claim, is not an appealable order.

July 1, 2009. We reject the District's attempt to equate the events at the June 8, 2009 hearing, at which both parties waived notice of ruling of the order denying the petition for relief from the claims statute, with the July 31, 2009 order of dismissal.

Moreover, it is rudimentary that the time for filing notice of appeal is governed by California Rules of Court, rule 8.104, which states in pertinent part: "(a) . . . [¶] Unless a statute or rule 8.108 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (1) *60 days* after the superior court clerk serves the party filing the notice of appeal with a document entitled '*Notice of Entry*' of judgment or a file-stamped copy of the judgment, showing the date either was served; [¶] (2) *60 days* after the party filing the notice of appeal serves or is served by a party with a document entitled '*Notice of Entry*' of judgment or a file-stamped copy of the judgment, accompanied by proof of service; or [¶] (3) *180 days after entry of judgment.*" (Italics added.)

Here, following the July 31, 2009 order of dismissal, neither the superior court clerk nor any of the parties served a document entitled "Notice of Entry" of the order of dismissal. Therefore, plaintiff had 180 days within which to file notice of appeal from the July 31, 2009 order of dismissal. Accordingly, the December 17, 2009 notice of appeal from said order is timely.

We now turn to the merits of the appeal.

### 2. *Overview of government claims statute requirements.*

█ Before suing a public entity, a plaintiff must present a timely written claim for damages to the entity. (§ 911.2; *Shirk v. Vista Unified School Dist.* (2007) 42 Cal.4th 201, 208 [64 Cal.Rptr.3d 210, 164 P.3d 630] (*Shirk*).) Such claims must be presented to the governmental entity no later than six months after the cause of action accrues. (§ 911.2; *Shirk, supra*, at p. 208.) Accrual of the cause of action for purposes of the claims statute is the date of accrual that would pertain under the statute of limitations applicable to a dispute between private litigants. (§ 901; *Shirk, supra*, 42 Cal.4th at pp. 208–209.)

Timely claim presentation is not merely a procedural requirement, but rather, a condition precedent to a plaintiff's maintaining an action against a defendant, and thus, an element of the plaintiff's cause of action. (*Shirk, supra*, 42 Cal.4th at p. 209.)

Only after the public entity has acted upon the claim, or is deemed to have rejected the claim, may the injured person bring a lawsuit alleging a cause of action in tort against the public entity. (§§ 912.4, 945.4; *Shirk, supra*, 42 Cal.4th at p. 209.)

Generally, the lawsuit must be commenced within six months of notice of rejection of the claim. (§§ 913, 945.6; Code Civ. Proc., § 342; *Shirk, supra,* 42 Cal.4th at p. 209.)

3. *Trial court erred in dismissing the action because plaintiff's late claim application satisfied the statutory claim presentation requirements.*

a. *Initial claim was untimely.*

On June 11, 2008, plaintiff filed a tort claim (§ 910) with the District seeking damages based on plaintiff's molestation by LaBeach. The claim indicated the last sexual encounter between LaBeach and plaintiff occurred nine months earlier, in or around September 2007.

Section 911.2 states in pertinent part at subdivision (a): "A claim relating to a cause of action for death or for injury to person or to personal property or growing crops shall be presented as provided in Article 2 (commencing with Section 915) *not later than six months after the accrual of the cause of action.*" (Italics added.)

Here, leaving aside any potential issue of delayed discovery (see *K.J. v. Arcadia Unified School Dist.* (2009) 172 Cal.App.4th 1229, 1233–1234 [92 Cal.Rptr.3d 1]), the cause of action accrued in September 2007, with the final act of sexual molestation. Plaintiff then had six months, until March 2008, to present a claim to the District. (§ 911.2.) Consequently, the initial claim, which plaintiff presented to the District on June 11, 2008, was untimely. Nonetheless, as explained below, plaintiff subsequently satisfied the claim presentation requirement.

b. *Application for leave to present a late claim was timely and should have been granted by the District.*

(1) *Statutory scheme gives claimant one year from accrual to file an application for leave to present a late claim.*

Section 911.4, which authorizes the filing of an application to present a late claim, states: "(a) When a claim that is required by Section 911.2 to be presented not later than six months after the accrual of the cause of action is not presented within that time, a written application may be made to the public entity for leave to present that claim. [¶] (b) The application shall be presented to the public entity as provided in Article 2 (commencing with Section 915) *within a reasonable time not to exceed one year after the*

*accrual of the cause of action* and shall state the reason for the delay in presenting the claim." (Italics added.)[7]

> (2) *Special rule for minors; public entity is required to grant a late claim application by a minor, provided the application is filed within one year of accrual of the cause of action.*

Section 911.6 provides: "(a) The board shall grant or deny the application within 45 days after it is presented to the board. . . . [¶] (b) *The board shall grant the application where one or more of the following is applicable*: [¶] . . . [¶] (2) *The person who sustained the alleged injury, damage or loss was a minor during all of the time specified in Section 911.2 for the presentation of the claim.*" (Italics added.)

■ As explained in *Hernandez v. County of Los Angeles* (1986) 42 Cal.3d 1020 [232 Cal.Rptr. 519, 728 P.2d 1154] (*Hernandez*), "it is clear from the face of the late-claim provisions that the Legislature intended to establish different standards for the consideration of late-claim applications that are filed on behalf of injured adults and those that are filed on behalf of injured minors. Section 911.6—the provision which sets forth the standards governing a public entity's grant or denial of late-claim applications—draws an explicit distinction between these two categories: with respect to adults the section provides that a late-claim application must be granted only when '[t]he failure to present the claim was through mistake, inadvertence, surprise or *excusable* neglect and the public entity was not prejudiced by the failure to present the claim [within the 100-day period]' (§ 911.6, subd. (b)(1), italics added), *but with respect to minors the section provides simply that the late-claim application must be granted so long as the injured person was a minor during the entire 100-day period.* (§ 911.6, subd. (b)(2).) Section 946.6, subdivisions (c)(1) and (c)(2) embody precisely the same distinctions." (*Hernandez, supra,* at pp. 1027–1028, second italics added, fns. omitted.)[8]

*Hernandez* continued, "Past cases—stretching back over two decades— have uniformly interpreted the provisions of sections 911.6 and 946.6 and their statutory predecessors as indicating that the Legislature intended to

---

[7] Section 911.4 provides that in computing "the one-year period under subdivision (b) [(to file a late claim application)], the following shall apply: [¶] (1) The time during which the person who sustained the alleged injury, damage, or loss as a minor shall be counted, but the time during which he or she is mentally incapacitated and does not have a guardian or conservator of his or her person shall not be counted." (§ 911.4, subd. (c).) Thus, a claimant's minority does not extend the one-year outside limit for filing a late claim application.

[8] A 1987 amendment to section 911.2 extended the period to present a claim from 100 days to six months. (Historical and Statutory Notes, 32 West's Ann. Gov. Code (1995 ed.) foll. § 911.2, p. 561.)

accord special solicitude to the claims of injured minors, *and generally intended to require a public entity to accept a late claim filed on behalf of a minor so long as the application is filed with the entity within one year of the accrual of the cause of action.* (See, e.g., *Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 479–480 [58 Cal.Rptr. 249, 426 P.2d 753]; *Whitfield* v. *Roth* [(1974)] 10 Cal.3d 874, 883–884 [112 Cal.Rptr. 540, 519 P.2d 588]; *Frost* v. *State of California* (1966) 247 Cal.App.2d 378, 386–387 [55 Cal.Rptr. 652]; *Hom* v. *Chico Unified Sch. Dist.* (1967) 254 Cal.App.2d 335, 338–339 [61 Cal.Rptr. 920]; *Ridley* v. *City etc. of San Francisco* (1969) 272 Cal.App.2d 290, 292 [77 Cal.Rptr. 199]; *Wozniak* v. *Peninsula Hospital* (1969) 1 Cal.App.3d 716, 720–721 [82 Cal.Rptr. 84]; *Williams* v. *Mariposa County Unified Sch. Dist.* (1978) 82 Cal.App.3d 843, 849 [147 Cal.Rptr. 452]. See generally Van Alstyne, Cal. Government Tort Liability Practice (Cont.Ed.Bar 1980) § 5.52, subd. c., pp. 518–519.)" (*Hernandez, supra,* 42 Cal.3d at p. 1028, italics added.)

>(3) *Plaintiff's application for leave to present a late claim, filed August 4, 2008, was filed less than one year after accrual of the cause of action in September 2007 and therefore should have been granted by the District; plaintiff's late claim application satisfied the claim presentation requirement.*

As indicated, the cause of action accrued in September 2007, with the final act of molestation. Less than one year later, on August 4, 2008, plaintiff filed her application for leave to present a late claim. At all times relevant herein, plaintiff was a minor; her 18th birthday was in October 2008. Because plaintiff was a minor, the District was required to grant the application for leave to present the late claim, which application was made within one year of the accrual of the cause of action. (§ 911.6, subd. (b)(2).)

Accordingly, plaintiff's August 4, 2008 application for leave to present a late claim satisfied the Tort Claims Act claim presentation requirement. On September 25, 2008, the District advised plaintiff it had rejected the application. Plaintiff thereby satisfied the procedural prerequisite, prior to filing suit, of presenting a claim to the District and having the claim acted upon by the District. (§ 945.4.)

Consequently, plaintiff, having complied with the claims statutes, was entitled to file her lawsuit without bringing a petition for relief from the claims statute. (§ 946.6.)

At oral argument on appeal, the District's counsel argued that although the District incorrectly denied plaintiff's application for leave to present a late

claim pursuant to section 911.6, plaintiff's only recourse was to petition the superior court for relief from the claims statute pursuant to section 946.6. We reject the notion that notwithstanding a public entity's erroneous denial of a timely application for leave to present a late claim, a plaintiff must obtain judicial relief from the claims statute prior to filing a lawsuit. The purpose of the claims statute is to give the public entity timely notice of a claim and sufficient information to enable the public entity to investigate the claim and to settle it, if appropriate, without the expense of litigation. (*City of Stockton v. Superior Court* (2007) 42 Cal.4th 730, 738 [68 Cal.Rptr.3d 295, 171 P.3d 20].) Plaintiff's timely application for leave to present a late claim satisfied the technical requirements of the statutory scheme as well as the purpose of the statute.

(4) *Lawsuit was filed timely.*

Thereafter, the complaint for damages filed February 25, 2009, was timely because it was filed within six months of the District's September 25, 2008 rejection of plaintiff's application for leave to present a late claim. (§ 945.6, subd. (a)(1).)

4. *Unnecessary to address any other issues.*

We note the trial court, in its July 31, 2009 order, dismissed the action on the ground plaintiff filed an untimely petition for relief from the claims statute. Section 946.6, subdivision (b), gives a claimant six months from rejection of the claim to file such a petition for relief; here, plaintiff's petition, filed April 21, 2009, seven months after the District rejected her claim, was untimely. However, plaintiff's belated petition for relief under section 946.6 is an irrelevancy because, as discussed above, the late claim application filed August 4, 2008, was timely and satisfied the claims statute.

Because plaintiff's August 4, 2008 application for leave to present a late claim was timely and is dispositive, it is unnecessary to address the merits of plaintiff's petition for relief from the claims statute, the propriety of plaintiff's subsequent motion for a determination of the timeliness of her claim, or any other issues.[9]

---

[9] Under the circumstances of this case, because plaintiff's August 4, 2008 application for leave to present a late claim was timely and should have been granted, it is unnecessary to address the doctrine of delayed discovery or the applicability of equitable estoppel. However, plaintiff alleged she feared retaliation by LaBeach and we note that "for purposes of applying equitable estoppel, the time for filing a claim against [a school] district [is] tolled during the period that the teacher's threats prevented plaintiffs from pursuing their claims." (*John R. v. Oakland Unified School Dist.* (1989) 48 Cal.3d 438, 446 [256 Cal.Rptr. 766, 769 P.2d 948].)

## CONCLUSION

Plaintiff satisfied the claims presentation requirement of the Tort Claims Act. (§ 945.4.) Because plaintiff was a minor, her application for leave to file a late claim, filed less than one year after accrual of the cause of action, was timely. (§ 911.4, subd. (b); § 911.6, subd. (b)(2).) Further, the subsequent lawsuit, filed within six months of the District's rejection of the late claim application, likewise was timely. (§ 945.6, subd. (a)(1).)

## DISPOSITION

The July 31, 2009 order of dismissal is reversed and the matter is remanded to the trial court with directions to reinstate the action in its entirety. Plaintiff shall recover her costs on appeal.

Kitching, J., and Aldrich, J., concurred.